## Kimbel v. Ward's Committee.

(Decided May 25, 1926.)

### Appeal from Butler Circuit Court.

1. Insane Person.—Petition for value of necessaries furnished an incompetent person is not demurrable because claim was not verified as required by Ky. Stats., section 2154.

2. Insane Persons—Petition for Necessaries Furnished Imbecile States Cause of Action Without Alleging Appointment of Plaintiff to Take Charge of Imbecile, or Contract by Imbecile's Committee to do so (Ky. Stats., Sections 2150, 2153).—Petition for value of necessaries furnished one adjudged an imbecile living with plaintiff states a cause of action without alleging appointment of plaintiff to take charge of imbecile, or that imbecile's committee contracted with plaintiff to do so, in view of Ky. Stats., section 2153, authorizing one other than committee to take charge of persons non compos, and section 2150, providing for his maintenance.

3. Insane Persons.—Estates of persons under disability are liable for necessaries furnished to them.

E. N. MAYHUGH for appellant.

W. R. GARDNER for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

The trial court sustained a demurrer to the petition of appellant herein, and, upon his declining to plead further, judgment was entered dismissing it. The appeal is prosecuted from that judgment, and presents the question, whether or not the petition states a cause of action.

It appears from its allegations that James G. Ward had been adjudged to be an imbecile by judgment of the Butler circuit court, and that appellee, W. S. Holmes, by order of that court, had been appointed and then was his committee. It appears that J. G. Ward has resided in appellant's home for many years, and that during the years that G. V. Willis and A. T. Gardner served as his committee, both of whom did so prior to the appointment of appellant, they paid him out of Ward's estate for his services in caring for, feeding and clothing and furnishing medical attention to Ward. It is further alleged that during the last five years prior to the filing of the petition and since appellee has been committee of Ward that appellant has furnished the common necessaries of life to him, consisting of board and clothing and medical aid, which it is alleged are of the value of $300.00 per year, and by the prayer appellant sought to recover $1,500.00 on that account.

No opinion disclosing the reason or principles of law upon which the trial court based the judgment sustaining the demurrer is found in the record. The reasons urged in brief for appellee do not seem to this court to be sufficient.

As early as 1830, in the case of Pearl v. McDowell, et al., 3rd J. J. Marshall 658, it was held that, upon a proper showing, the estate of a husband, *non compos mentis,* by implication of law is bound for necessaries furnished to his wife. In Combs v. Beatty, 3rd Bush 613, in an action by Combs against Robert Beatty, a person of unsound mind, and his committee, "for boarding, clothing, taking care of him and paying his taxes," the estate of the incompetent was held to be bound for the reasonable value of the necessaries so furnished to him. The court in part said:

"Although no express agreement for compensation to the appellant is shown to have existed in this case, yet, as Robert Beatty was an idiot, and, there-

fore, incapable of making a contract, and as his sustenance was necesary and requisite to the support of his life, we think he was liable therefor upon an implied promise to pay, according to the well-settled principle, that persons incapable of making contracts generally may, nevertheless, be charged for necessaries.''

On the subject the rule is thus written in 14 R. C. L., page 586:

''It is well settled that the executed contract of an insane person for necessaries stands on the footing of a similar contract by an infant, and that an insane person is liable for necessaries furnished to him in good faith, and under circumstances justifying their being furnished. While it has been said that the obligation rests on the express contract, it is now generally agreed that the liability is *quasi* contractual or, in other words, on the contract implied by law for the payment of the reasonable value of the necessaries furnished, and it has been declared that the insane person is liable for necessaries furnished to him, although his express contract therefor be void. In determining the liability of an insane person for necessaries it has been held that the term is not to be restricted to articles of the first necessity, but that it includes everything proper for the insane person's condition. Services rendered in caring for, nursing and ministering to the health and comfort of the insane person are all within the class of necessaries.''

In 32 C. J., page 709, in discussing the question of claims for support of a person *non compos mentis,* it is said:

''In order to charge the estate with such claims, it is not necessary that there should be an express promise to pay therefor; the promise may be implied, although the support has been furnished without the request of the committee or guardian.''

It is provided by section 2154, Kentucky Statutes, that claims against the estate of a person of unsound mind or a person incompetent to manage an estate shall not be allowed or paid until verified and proved as is required for such claims when presented against the estate

of deceased persons. The claim sued on herein was not verified as is required by that section of the statutes. However, in Eastern State Hospital v. Lyttleton, 176 Ky. 756, 197 S. W. 429, it was held that failure to make the statutory affidavit is not ground for demurrer. It was there held that the proper practice in that state of case was by rule to show cause why the petition should not be dismissed.

Section 2150, Kentucky Statutes, provides that when indispensably necessary, the circuit court may on application of the committee order the sale of the whole or any part of the real estate of one mentally incapacitated for the maintenance of himself and family. Section 2153 authorizes a person other than the committee to take charge of the person, *non compos,* and authorizes the committee to make suitable arrangements for his support. While the petition does not allege that the court appointed appellant to take charge of the imbecile or that the committee contracted with him to do so, in view of the principles of law above adverted to and the uniformly applied principle that the estates of persons under disability are liable for necessaries furnished to them, we have concluded that the petition stated a cause of action and that the trial court improperly sustained the demurrer thereto.

For the reasons indicated, the judgment is reversed and the cause remanded for further proceedings consistent herewith.