## Wilson v. Ashley's Adm'x et al.

February 7, 1950.

Joe L. Price, Judge.

Lovett & Lovett for appellant.

H. B. Holland and L. B. Weir for appellees.

JUDGE KNIGHT—Affirming.

Harvey E. Ashley died intestate February 6, 1946, while in the armed services of the United States, and Mrs. H. B. Holland qualified in Marshall County as administratrix of his estate which consisted of $1674.36 army pay due him at the time of his death, and that sum was paid to his administratrix. Upon his death he left as his sole heir at law his mother, Della Embry, appellee herein. This suit was filed on April 14, 1948, by Ruby Wilson, sister of deceased, against his mother and his administratrix, seeking recovery against his estate in the sum of $1660, itemized in her amended petition as follows: 1942, no date, money loaned $40.00, Sept. 12, 1943, money loaned $5.00, Jan. 1944 money loaned $45.00, March 1944, money loaned $55.00, merchandise sent at his request while in the service $20.00 (no date given), medical bill $20.00 (no date given), room, board, education, clothing and spending money from April 1938 to April 3, 1943, at $30.00 per month, less 8 months while in C.C.C. Camp, $1560, or a total for these items of $1745, less a credit of $85.00 for money sent home while in C.C.C. Camp, leaving a net total due as claimed of $1660. The petition alleges that appellee, Della Embry, mother of deceased, deserted him when he was an infant eleven years of age and refused to maintain, support, and educate him, and that appellant as his sister was forced to take him into her home and to board, clothe, educate him and do all other things necessary to raise deceased for which she was not paid.

To the petition as amended, appellees filed a demurrer and, without waiving their demurrer, filed an answer denying the allegations of the petition and pleading the five year statute of limitations, KRS 413.120. On November 4, 1948, the lower court entered an order sustaining the demurrer insofar as it seeks recovery of $1560 for room, board, education, clothing, and spending money from April 1938 to April 1943, but overruled

said demurrer as to the money items totaling $185.00 less a credit of $85.00.

No proof was taken in the case and on December 6, 1948, appellee Della Embry moved to submit the case to the court for trial and judgment on the pleadings filed herein. On the same day judgment was entered as follows:

"It appearing from the record the demurrer to the petition as amended having been sustained by the Court for the reason same does not allege plaintiff is a hotel proprietor, or one who makes a practice of furnishing lodgings or meals to others for compensation, or a contract between plaintiff and Harvey E. Ashley, deceased, except as to the items, money loaned, merchandise and medical bill in the net sum of $100.00, and that plaintiff has declined to plead further, it is now adjudged by the court as follows:

"1. Plaintiff, Ruby Wilson, shall have and recover of the defendant, Mrs. H. B. Holland admrx. of the estate of Harvey E. Ashley, deceased, the sum of $100.00. The petition in so far as same seeks a recovery for room, board, education, clothing and spending money from April 1938, to April 1943, is hereby dismissed.

"2. Della Embry, defendant, and cross-petitioner herein, is adjudged the sole heir of Harvey E. Ashley, deceased, and she is entitled to all of his said estate after the above $100.00 judgment and court costs and costs of administration have been paid.

"3. Mrs. H. B. Holland, admrx., defendant, is now ordered and directed to pay to Ruby Wilson, out of the estate of Harvey E. Ashley, deceased, the sum of $100.00, and the costs of this action and the costs of administration; after which payment she is further ordered and directed to pay to Della Embry all the rest of the estate of said Harvey E. Ashley, deceased."

It is appellant's contention that KRS 306.040 has no application because deceased was an infant during the time the board and lodging was furnished him and, since he was incapable of making a contract, he is liable for the necessities furnished him under an implied contract, citing such cases as Combs v. Beatty, 3 Bush 613; Coleman v. Frazier, 3 Bush 300, 66 Ky. 300; Tur-

pin's Adm'r v. Stringer, 228 Ky. 32, 14 S. W. 2d 189; Kimbel v. Ward's Committee, 214 Ky. 726, 283 S. W. 1042; Vance v. Atherton, 252 Ky. 591, 67 S. W. 2d 968. Most of those cases involved the estates of persons who were mentally incompetent but in nearly all of them, reference is made to infants as being in the same category as insane persons as to their liability for necessities on an implied contract although their express contract therefore be void. Kimbel v. Ward's Committee supra. However, it is unnecessary for us to decide that question in this case because the amended petition shows on its face that the food, lodging and other items sued on were furnished between April 1936 and April 3, 1943, and this suit was brought on April 14, 1948, more than five years after the last item was furnished deceased. Since the five year statute of limitations, KRS 413.120, was pleaded as a defense and no reply was filed thereto, the petition should have been dismissed as to this item.

The only two items shown on the amended petition as not barred by limitations or not paid off by the $85 admitted credit are the two items for money loaned, one item of $45.00 on January 1944, and one item of $55.00 on March 1944, and since these items are set up in the verified petition and are supported by the affidavit of two witnesses, the lower court properly allowed these items totaling $100.00 when the case was submitted on the pleadings.

Wherefore the judgment is affirmed both on appeal and on cross-appeal.