## HAM, Respondent, v. BARRET, Appellant.

1. Where a presumption is one of fact merely, a court is not warranted in declaring it to the jury as a presumption raised by law.
2. The presumption of the payment of a debt, arising from the fact that a subsequent demand due on the same account and arising from the same cause has been regularly discharged, is a presumption of fact.

*Appeal from St. Louis Court of Common Pleas.*

This was an action on a negotiable promissory note for $500, dated December 15, 1852, drawn by Miron Leslie, and endorsed by the defendant Barret and discounted by the firm of Page & Bacon for said Leslie. Said note was transferred to the plaintiff, Ham, long after maturity. The defence relied on was payment. There was evidence tending to show that in July, 1854, Page & Bacon and M. Leslie had a general settlement of their business transactions and passed receipts. The plaintiff introduced in evidence a receipt dated July 8, 1854, signed by Leslie in the name of the firm of Leslie & Barret, (of which defendant was a member) acknowledging the payment in full of $500 for professional services rendered Page & Bacon. The case was submitted to the jury upon the following instruction: "If the jury believe from the evidence that the note sued on was paid to Page & Bacon before it was transferred to the plaintiff, they will find for the defendant; otherwise, they will find for the plaintiff." The court refused the following among other instructions asked by the defendant: "2. If the jury believe from the

evidence that Page & Bacon paid to Leslie the sum of $500 after the note sued on became due, it affords a presumption that the note in controversy was fully discharged by them. 3. If the jury believe from the evidence that Page & Bacon, after the note in controversy became due and whilst it remained their property, paid to Leslie the sum of $500, and that Bacon afterwards stated to the witness Haskell that all accounts between the firm of Page & Bacon and said Leslie were fully settled, it is such presumptive evidence of payment by Leslie as will authorize a verdict for defendant."

The jury found for plaintiff.

*H. M. Jones*, for appellant.

*N. D. & G. P. Strong*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

This was an action against Barret as endorser of a negotiable note; plea, payment.

We have nothing to do with the question whether the evidence was or was not sufficient to establish the fact of payment. The instructions asked by the defendant and refused by the court, of which complaint is made, were properly refused, inasmuch as they required the court to declare that to be a presumption of law, which was only a presumption of fact to be raised or not as the jury would determine from the circumstances in evidence. There are presumptions of law and presumptions of fact. The former are of a nature to exclude all contrary proof, and which the court will not suffer the jury to disregard; whilst the latter are founded in experience, and may be raised or not as the jury may determine, and for a disregard of which the court grants or refuses a new trial as upon the evidence in all other cases of trial by jury. Where a presumption is one of fact merely, the court is not warranted in declaring it to the jury as a presumption authoritatively raised by law, but should direct them that from the evidence it is their province to determine whether they will raise the presumption or not. The jury,

looking to the bench for the law, would naturally take it that such a declaration was binding and left them no discretion. Where the facts are before the jury, the presumptions or inferences they warrant are questions purely for them. (Best on Presumptions, 46, 51.) Where presumptions of fact founded in experience and in the usual course of the dealings of men are not repelled by contrary evidence, they should be respected by juries, and they have no power arbitrarily to reject them. They must stand until they are overthrown by contrary proof. Presumptions of payment, arising against claims for debts alleged to remain unpaid while subsequent demands due on the same account and arising from the same cause are proved or admitted to have been regularly discharged, are presumptions of fact liable to be repelled by proof to the contrary, and to be found to have application to a case by a jury, subject to the power in the court of granting a new trial. (Matthews on Presumption, 398–9.)

The other judges concurring, judgment affirmed.