CASE 33—PETITION ORDINARY—JUNE 25.

## Combs vs. Beatty, &c.

3bu 613
130    129

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. The mother, her idiot son, of whom she had the care and control, and her son-in-law, lived together upon lands in which she had a life estate. After the death of the mother in December, 1855, the idiot son continued to live with the son-in-law, who provided for him. In November, 1856, the son-in-law brought suit against the idiot and his committee to recover one thousand three hundred dollars for boarding, clothing, taking care of, and supporting him for thirteen years. *Held*—That the five years' bar of the statute of limitations would apply in such a case; *also*, that during the continuance of the life estate in the lands of which the plaintiff had the use under some arrangement or agreement, such occupation, under the circumstances, was inconsistent with any right on his part to raise a charge for the maintenance of either the mother or idiot son; but that, after her death, he was entitled to compensation for whatever he furnished him, which was legally necessary for the idiot.

2. The prohibition of *article* 3, *chapter* 96, *of the Revised Statutes* (2 *Stanton*, 410), against a recovery for diet, &c., &c., when no agreement is made for compensation therefor, does not apply to boarding, lodging, &c., furnished to an idiot, who is legally incompetent to contract.

THOMAS TURNER, For Appellant;

CITED—

*Revised Statutes*, 2 *Stanton*, 410.

HAZELRIGG & WINN, For Appellees,

CITED—

*Revised Statutes*, 2 *Stanton*, 410.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

About thirteen years before the institution of this suit, Sarah Beatty, the widow of John Beatty, deceased, was in possession of about one hundred acres of land as his devisee for life, the estate in remainder therein being vested in said John Beatty's children; and Rob't. Beatty, a son of said Sarah by a former marriage, who resided with his mother, and being mentally incompetent to provide for himself, seems to have been subject to the care and control of his mother.

At that time the appellant, whose wife was the daughter of Sarah Beatty, went to live on the land with her; and from that time until in 1853 or 1854, the appellant, and said Sarah and Robert Beatty, appear to have resided together on said land; and they afterwards occupied, in like manner, another tract purchased by the appellant of James Smith, under an arrangement by which Sarah Beatty became vested with a life estate therein, in lieu of her estate in the other tract.

Sarah Beatty died in or about December, 1855, and Robert Beatty, continuing to live with the appellant as before, the latter brought this suit on the 26th day of November, 1856, against said Robert and his committee, he having been adjudged to be an idiot in March, 1856, for the recovery of "one thousand three hundred dollars for boarding, clothing, taking care of, and supporting

him and paying his taxes, &c., for thirteen years," next before that time.

The circuit court dismissed the petition, and the appellant seeks a reversal of that judgment.

The evidence conduces to show that Robert Beatty was kindly treated, and comfortably, though plainly clothed; and although he did some labor for the appellant, he was physically and mentally incapable of earning his support; and that his board and clothing and other incidental expenses reasonably amounted to about one hundred dollars per annum more than the value of his services. But we concur with the circuit court, that so much of the claim of the plaintiff as did not accrue within five years next before the commencement of his suit, was barred by limitation; and we further concur in the conclusion of the court below, as authorized by all the facts and circumstances of the case, that, during the continuance of the life estate of Sarah Beatty, the appellant had the use of it under some arrangement or understanding between him and her, which was inconsistent with any right on his part to raise a charge for the maintenance either of herself or her idiot son.

It seems to us, however, that, subsequent to the death of Mrs. Beatty, the appellant was entitled to compensation for boarding Robert Beatty, unless his claim is with-in the prohibition of the 3d *article of chapter* 96 *of the Revised Statutes* (2d vol., 410).

The first section of said article is as follows: "Any person other than the keeper of a tavern or house of private entertainment, who shall entertain in his house another, or furnish him with diet or storage for his goods, not making an agreement for compensation therefor, shall not recover anything against the person so entertained or furnished with diet or storage, or against his estate; but

the person so furnishing another shall be considered as doing the same of courtesy."

Although no express agreement for compensation to the appellant is shown to have existed in this case, yet, as Robert Beatty was an idiot, and, therefore, incapable of making a contract, and as his sustenance was necessary and requisite to the support of his life, we think he was liable therefor upon an implied promise to pay, according to the well-settled principle, that persons incapable of making contracts generally may, nevertheless, be charged for necessaries.

The reason of the statutory prohibition seems to be the implication which, ordinarily, arises from the failure to make an express contract for entertainment or storage, that the same was done of courtesy.

It is obvious that, in a case like this, the reason of the statute for requiring that an agreement for compensation for boarding shall be made to sustain a charge therefor, does not exist.

We are of the opinion, therefore, that the appellant is entitled to compensation for boarding and lodging Robert Beatty, as well as for clothing and otherwise providing whatever was legally necessary for him, from and after the death of Sarah Beatty, to be set off, however, by any just charge against the appellant for the articles of property claimed in the cross-petition of the appellee; and, on the return of the cause, the rights of the parties will be adjusted on this basis.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.