65 17
43a 659

65 17
95a ¹ 62
95a ¹207

HAY, ADMINISTRATOR OF CRAWFORD, v. WALKER ET AL., APPELLANTS.

1. **Implied Contract:** INTENTION OF PARTIES. In order to raise an implied contract to pay for labor, it is not necessary that there shall have been an intention on the part of the laborer during his service to charge therefor; it is sufficient that the one for whom the labor is done expected to pay for it. So, unless the work was done under circumstances justifying the belief that no charge was intended, a liability arises, even though no charge was in fact intended by the laborer during his service.

2. ———: ———. In an action to recover the value of services rendered to a firm the defence relied on was an alleged understanding between the parties that plaintiff was to charge nothing for his services. The Court having instructed the jury, that, as there was no express contract, defendants were not liable if the services were

rendered under circumstances justifying their belief that no charge was intended; *Held,* no error to refuse instructions to the effect that plaintiff could not recover, if at the time the services were rendered they were understood by all the parties to be gratuitous, or if plaintiff did not then intend to charge for them. The instructions given are equivalent to those refused.

*Appeal from Probate and Common Pleas Court of Greene County.*—J. H. SNOW, Judge.

*John P. Ellis,* for appellant.

1. The question is one of intention. It is not alone sufficient that one of the parties intended to charge or that the other intended to pay; neither intent is sufficient, both are necessary and must have co-existed; there must have been a contact of intent. *Allen's Admr. v. Richmond College* 41 *Mo.* 308; *Whaley v. Peak* 49 *Mo.* 80; *Hart v. Hart's Admr.* 41 *Mo.* 441; *Morris v. Barnes' Admr.* 35 *Mo.* 412; *Guenther v. Birkicht's Admr.* 22 *Mo.* 439; *Coleman v. Roberts* 1 *Mo.* 97.

2. The instructions given were inconsistent and therefore did not correctly present the law. *Buel vs. St. Louis Transfer Co.* 45 *Mo.* 562; *Otto v. Bent* 48 *Mo.* 23.

3. The Court could not single out the particular fact of *services performed,* and ignoring all the other issues and evidence, declare as a matter of law that if the services were rendered there was no defense except payment or satisfaction. *Chappell v. Allen* 38 *Mo.* 213; *Rose v. Spies* 44 *Mo.* 20; *Myer v. Pacific R. R.* 45 *Mo.* 137.

4. Instructions are calculated to mislead, and hence erroneous, which place the case before the jury upon a portion of the facts only, and which in effect restrict the issue and exclude from the consideration of the jury questions that must be passed upon. *Mead vs. Brotherton* 30 *Mo.* 201; *Sawyer vs. Hann. & St. Jo. R. R.* 37 *Mo.* 240; *Hall v. Johnson* 57 *Mo.* 521.

*John O'Day,* for respondent.

NORTON, J.—This suit was brought by John A. Crawford, now deceased, in the Probate and Common Pleas Court of Green County against the defendants composing the firm of Walker & Bentley. The plaintiff in his petition alleges, that he performed services for the defendants as clerk and book-keeper for about fifteen months, and that they were reasonably worth $60 per month, and that there was a balance of $830 still due and unpaid. The answer denies the indebtedness, admits that plaintiff remained in the store of defendants the length of time charged in the petition, and alleges that it was understood and agreed that he was to charge nothing for what he did; denies that his services were worth sixty dollars per month, and alleges that he was boarded by one of the defendants, and that his board was worth more than his services, and and that plaintiff accepted $67, the amount of his account, in full satisfaction and settlement of all claims against defendants for services. The allegations of the answer were denied by replication, and on a trial plaintiff obtained verdict and judgment for $356.93, from which defendant has appealed to this Court.

I. We are asked to review the case because of alleged error committed by the Court in giving instruction No. 2

1. IMPLIED CONTRACT: Intention of Parties. for plaintiff and refusing to give Nos. 1, 2, 3 and 4 on behalf of defendant. The instructions are as follows: No. 2. "If the jury find from the evidence that Walker told the plaintiff to go to work and take charge of the books in defendants' store in the months of February, March, April or May, 1872, and that plaintiff did go to work and take charge of the books, and the defendants or either of them stood by and saw plaintiff do said work and services, then the defendants are bound to pay plaintiff what his services are reasonably worth, and the jury will find for plaintiff that amount, unless defendants have shown to the satisfaction of the jury that they have paid or satisfied plaintiff for such services." The following instructions were refused: 1. "That al-

though it may have been Walker's intention to pay plaintiff the value of his services, still unless it was the intention of plaintiff, during his services, to charge for the same, you will find for the defendants." 2. "That although plaintiff may have performed valuable services for the defendants in their store, still if it was his understanding during such service, that he was to make no charge for his labor and that he was working without wages, he, the plaintiff, cannot, subsequent to such service, charge for or recover the real value of his labor." 3. "If the jury believe from the evidence, that during the time plaintiff was in the service of the defendants, it was the understanding of plaintiff and defendants, that the services of plaintiff to defendants were gratuitous, the plaintiff cannot recover, and you will find for defendants." 4. "In order that there be an implied contract to pay for labor, there must have been an intention on the part of the laborer, during his service, to charge therefor. And he cannot subsequent to such service, claim pay for services which he had not during such service intended to charge for."

II. It was set up as a substantive defence on the part of defendant, that it was understood and agreed that plaintiff was to charge nothing for his services during the time he remained in defendant's store, and, evidence having been given tending to show that fact, if the cause had gone to the jury upon the above instruction without some declaration of law having been given equivalent to those contained in the refused instructions the judgment would not be permitted to stand. This however was not the case, for on behalf of the defence the Court gave the following declarations embodying fully this branch of the defence relied upon:

3. While a firm may be liable for work done for them without an express contract which they saw and knew of, still they are not liable if the work was done under circumstances justifying their belief, that no charge was intended.

4. The Court instructs the jury that if they believe from the testimony that the services of plaintiff were not necessary to the carrying on of the partnership business although contracted for by defendant Walker, and that plaintiff knew this fact, they will find for defendant Bently, unless some authority is shown to have been conferred on defendant Walker by defendant Bently to so bind the firm. Under the first of the above instructions defendants had the full benefit of the defence relied upon by them, that plaintiff was to charge nothing for his services in stronger language than he pleaded it in his answer, for it is there alleged that it was agreed between plaintiff and defendants that no charge was to be made for plaintiff's services, while the jury are told in the instruction that defendants were not liable, if the work done by plaintiff was done under such circumstances as justified defendants in believing that no charge was intended. We cannot see how the jury could have been misled by the first instruction given for plaintiff, with this emphatic declaration on the part of the Court of the non-liability of defendants if they believed, the work done by plaintiff was done under circumstances justifying even a belief on defendants' part that plaintiff intended to make no charge therefor. Judgment affirmed with the concurrence of other Judges.

AFFIRMED.