# Curry *versus* Curry.

1. In an equitable ejectment, the judge acts as a chancellor, and if he is not moved as a chancellor to grant the equitable relief sought, he may withdraw the case from the jury by binding instructions, or refuse to enter judgment on a verdict that is contrary to equity.

2. In a common law action of ejectment all controverted questions of fact are for the jury. Where there is no conclusive fact proved by written testimony and there is no essential fact in making out the plaintiff's case of which there is not sufficient testimony to submit, it is error for the court to give binding instructions as to what the verdict shall be, even though the testimony to establish a material fact in the opinion of the court is incredible; for the jury are the judges of the credibility of witnesses.

3. The performance and receipt of services generally raises an implied promise by him who receives to compensate him who performs, but this implication may be rebutted. When the parties are parent and child or members of the same family, the relationship excludes the implication of a promise. In all cases except that of parent and child, there must be evidence beyond the relationship that the creation of a debt was not intended.

4. The Act of April 15th, 1869, P. L., 30, and its supplements makes no person an incompetent witness under circumstances where he was competent before their passage.

October 13th, 1886. Before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. MERCUR, C. J., absent.

ERROR to the Court of Common Pleas of *Mercer county:* Of November Term, 1886, No. 87.

[Curry *v.* Curry.]

This was an action of ejectment for seventy acres of land situate in Mercer county, brought by Mary J. Curry against James B. Curry.   Plea, not guilty.

On the trial before McMICHAEL, P. J., the following facts appeared.   It was admitted that the title to the land described in the writ was in William Curry prior to April 17th, 1875. On that date William Curry by deed conveyed the same to Rachel Curry for the consideration of $2,800 as recited in the deed, although the real consideration was an agreement on part of Rachel Curry to furnish William Curry a home and maintenance during his life.

In accordance with this agreement Rachel Curry and Robert Curry her husband furnished William Curry a home and maintenance until 1879, when they conveyed the land in dispute to James B. Curry the defendant in this action, and he entered into an agreement with William Curry to furnish him a home and maintain him during his life.   Under this agreement William Curry lived with James B. Curry until July or August 1880, when he went to live with his sister Mary Curry.

On the 27th day of September, 1879, Mary Curry brought suit against William Curry in assumpsit, alleging that she kept house for him, and worked for him from the year 1857 to the 1st day of January, 1875, in all twenty-two years, and that her said services were worth $104 per year.

Against this statement William Curry filed an affidavit of defence, denying that he ever agreed to pay her any wages, but expressly saying he would pay her no wages, that she made his house her home and that he was not indebted to her in any amount.

Thus matters stood until July 10th, 1880, when William Curry confessed a judgment in favor of his sister, in said case, for $2,500, which was filed July 16th, 1880.   On this judgment this land was sold at sheriff's sale and purchased by Mary Curry, the plaintiff in this action.

The defendant claimed that this judgment was a fraud upon him, and was a collusion between William and Mary Curry to defraud him out of this land ; that there was no agreement to pay wages to Mary Curry, and even if there had been the judgment was more than twice too large, as Mary Curry was absent for several years of the time for which she claimed pay ; and farther, that the amount was largely in excess of what her services were worth, under the evidence in the case.

The plaintiff called William Curry as a witness, to which the defendant made the following objection:

The defendant objects to the competency of this witness under the Act of Assembly, as a witness to prove anything that occurred prior to the death of Rachel Curry, on the 29th

[Curry v. Curry.]

of October, 1879, Rachel Curry being the party to whom witness made the deed of April 17th, 1875.

THE COURT: It appearing to the court that this witness is called by the plaintiff, and is testifying against his interest, the evidence is received, and an exception given to the defendant. (First assignment of error.)

The defendant presented *inter alia* the following points:

1. That if the jury believe that the plaintiff lived with William Curry in the capacity of a housekeeper, or domestic servant, from 1854 to 1875, and made no demand for the payment of wages for the space of four years after such services terminated, it will be presumed that the wages were paid, or the services were performed on the footing that no wages were to be paid.

Answer. This point is affirmed. That is, the delay in making any claim for any services, and the long continued services without any payment raises the presumption, either that she was paid as she went along, or that she served upon the footing that she was to receive no pay. That is the law. But that presumption is not a conclusive presumption, and the plaintiff may show, notwithstanding the length of the services and the delay in demanding payment, if there was such delay, yet she had not been paid her wages in fact, and that she did not serve on the footing that she was not to be paid wages, or that her services were not gratuitous. (Second assignment of error.)

2. That if the jury believe that Mary J. Curry, the plaintiff, lived with her brother, William Curry, as a member of his family, no promise will be implied to pay wages for such services.

Answer. If the jury believe from the evidence that Mary J. Curry lived with her brother in the same relation in which members of the same family usually live together, each contributing by his or her labor and efforts to the common benefit and general comfort, and without the understanding on the part of each to pay for the services of others done him or her, and without the expectation of receiving payment for the services done for the others, then she would be living with him in what is called the family relation. If she so lived with him, then no promise would be implied that she was to be paid wages for her services. (Third assignment of error.)

5. That if the jury believe that any part of the judgment confessed by William Curry in favor of Mary Curry was fraudulent, then the whole judgment was fraudulent, and the plaintiff can not recover on such title.

Answer. This point is affirmed as explained in the general charge. (Fourth assignment of error.)

4 AMERMAN —24

6. That under the law and the evidence in this case the plaintiff cannot recover.

Answer. We cannot affirm this point. The question is for the jury under the instructions which the court has given you. (Fifth assignment of error.)

Verdict for the land described in the writ and judgment thereon, whereupon the defendant took this writ and filed the above assignments of error.

*Stranahan*, (*Bowser* and *W. H. Cochran*, with him), for plaintiff in error.—Persons occupying the relation of brother and sister and living together as in this case, cannot recover from each other for services rendered by each to the other without an express contract to pay wages: Miller's Appeal, 100 Pa. St. R., 568; Houck's Executors *v.* Houck, 99 Id., 522; Larkin's Estate, 16 W. N. C., 541; Patrick Kelly's Estate, 14 W. N. C., 423: Estate of James Hollowbush, 13 Phila., 217; McConnell's Appeal, 97 Pa. St. R., 31; Horton's Appeal, 94 Id., 62; Picken's Estate, 14 W. N. C., 407.

The court should have directed a verdict for the defendant: Ballentine *v.* White, 27 P. F. S., 20.

*Miller*, (*Gordon* with him), for defendant in error.—The fact of the relationship of brother and sister between Mary J. Curry and William H. Curry did not of itself necessitate the proving of an express contract in order to entitle the former to payment for her services. It is well settled that such relationship does not overcome the legal presumption that a promise to pay is intended when personal services are rendered: Smith *v.* Milligan, 7 Wright, 107.

Questions of fact are for the jury. They alone can pass upon the credibility of the witnesses: Bank *v.* Donaldson, 6 Barr, 179; Reel *v.* Elder, 12 P. F. S., 308.

From the many decisions of this court upon the subject it may now be taken as settled law, that the statute of fraudulent conveyances renders void a fraudulent conveyance as against the claims of all existing creditors and such future creditors as are expressly intended to be defrauded at the time the conveyance is made: Harlan *v.* Maglaughlin, 9 Norris, 293. There was at least a moral obligation on the part of William H. Curry to pay his aged sister for her labor, even the plaintiff in error has not the effrontery to deny; he tacitly admits it and hangs his hopes on the theory that the obligation was only a moral and not a legal one. That a judgment founded upon such a consideration is valid is well settled by numerous cases. It is not by any means fraudulent, but will be sustained even against *bona fide* creditors: Keen *v.* Kleckner, 6 Wright, 529;

Brown's Appeal, 5 Norris, 529; Walker v. Bank, 11 W. N. C., 142.

Mr. Justice TRUNKEY delivered the opinion of the court, November 1st, 1886.

Were this an equitable ejectment, a principle contended for by the plaintiff in error would apply, namely, that the judge acts as a chancellor, and if he is not moved as a chancellor to grant the equitable relief sought, he may withdraw the case from the jury by binding instructions, or refuse to enter judgment on a verdict that is contrary to equity.

But this is a suit at law, and all controverted questions of fact were for the jury. The judge had no right to give binding instructions as to what the verdict should be, for there was no conclusive fact proved by written testimony, nor was there any essential fact in the making out of the plaintiff's case of which there was not sufficient testimony to submit. Even if the judge thought the testimony to establish a material fact was incredible, he could not instruct them to cast it aside; nor could he instruct them to find a controverted fact proved by oral testimony, for the jury judge of the credibility of witnesses and might disbelieve them.

The performance and receipt of services generally raises an implied promise by him who receives to compensate him who performs, but the implication may be rebutted. When the parties are parent and child, or members of the same family, the relationship excludes the implication of a promise. In all cases except that of parent and child, there must be evidence beyond the relationship, that the creation of no debt was intended. Where the parties are brother and sister, the sister claiming compensation for her services, the burden of showing family relationship, or other cause, to exclude the implication of his promise to pay for the services, is upon the brother. Because of the fact that they are brother and sister less evidence besides would be required to establish that they lived together, as a family, than if they were strangers. If he shows that they so lived, the jury ought not to find an implied promise.

At the trial the plaintiff clearly proved that she performed services for her brother, William H. Curry. Strong testimony of the existence of the family relation between them during the time of said service was adduced by the defendant, in addition to what was testified by the plaintiff's witnesses, tending to prove said relationship. Had there been nothing more it is unlikely that the verdict would have been for the plaintiff, and had it been, it is probable that the court would have promptly set the verdict aside and granted a new trial.

There is ample testimony that the parties to the deed made

[Hilands *v.* Commonwealth.]

and received it for the very purpose of preventing the plaintiff from collecting the money due her for her services. William H. Curry told his brother that he expected Mary would bring suit for her work, and if she did, it would not cost him less than a thousand dollars; the brother advised him to convey the land to some one soon as he could, and then she could not get anything for her work; and the deed was made to this brother's wife, for the named consideration of fifteen hundred dollars, but she paid nothing for the land. If the jury believed the testimony respecting that transaction, it would have weight on the question whether Mary was entitled to compensation for her services, or was merely a member of William H. Curry's family. The brothers believed she was entitled to compensation, and contrived to cheat her out of it by a collusive and fraudulent conveyance. In the view of such testimony how could the court charge, "that under the law and the evidence in this case the plaintiff cannot recover?" The defendants' sixth point was rightly refused.

The Act of 1869, including its supplement, made no person an incompetent witness, under circumstances where he was competent before. Prior to that enactment William H. Curry would have been a competent witness for the plaintiff, under like circumstances, and he is now.

The defendant's second, third and fourth points were well answered, and the instructions of the court on the subjects of these points were not only accurate, but proper to enable the jury to intelligently perform their part in the trial.

Judgment affirmed.