Simon Shumberger, Appellant, *v.* Daniel Hoy, Administrator of the Estate of John Eckert, deceased.

*Family relationship—Decedent's estate—Claim for board—Question for jury.*

Neither the connection of brothers-in-law nor even the relationship of brother and sister raises a presumption of family relationship such as will defeat a claim for services or board. Family relationship in such cases must be proved by the party who asserts it.

The case is for the jury when claim is made for board of a deceased brother-in-law who had lived in claimant's house for several years prior to his death, the evidence being clear and abundant as to the value of the benefits received by such decedent while an inmate.

Argued March 18, 1898. Appeal, No. 61, March T., 1898, by plaintiff, from judgment of C. P. Cumberland County, September T., 1897, No. 238, on verdict for defendant. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Reversed.

Assumpsit. Before E. W. BIDDLE, P. J.

It appears from the evidence that plaintiff brought suit to recover the sum of $2.00 a week for board, lodging and washing and other necessaries furnished to his brother-in-law, the decedent, John Eckert, for six years prior to the death of said decedent. The evidence was practically uncontradicted that Eckert had lived with Shumberger for some years on the latter's farm in Cumberland county during which time he did a certain amount of farm work and no claim was made for his support, Eckert, the decedent, being a deaf mute and not fitted for regular employment. Subsequently he was taken from plaintiff's house at request and for four or five years resided with another brother-in-law, subsequently returning to the plaintiff's house who, in the meantime, had moved to Harrisburg in 1891 and during which period there was no labor performed by him contributing to his support or that of the family. Demand was made on his trustee for money for his clothing and certain small sums were received and applied to that purpose. There was also evidence tending to show that the trustee was notified by the plaintiff that in view of the fact that decedent had money

it was not the plaintiff's intention to keep him for nothing. The property belonging to John Eckert was his portion of his father's estate left to a trustee without remainder under what appears to be a dry trust. Eckert himself being incapable of making the contract, after his decease suit was brought upon a quantum meruit to recover for the six years prior to his death.

The court below directed a verdict for the defendant. Plaintiff appealed.

*Error assigned* among others was giving binding instructions to the jury to find for the defendant.

*G. Wilson Swartz*, with him *H. S. Stuart*, for appellant.— The presumption of a promise to pay is not rebutted by the relationship of brother-in-law: Montier's Est., 7 Phila. 492; McCarty's Est., 9 Phila. 318.

The burden of showing causes to exclude the implication of a promise to pay was upon the defendant: Curry v. Curry, 114 Pa. 367.

*Hays & Hays*, for appellee.—The facts being undisputed the court was right in taking the question from the jury: Pickens' Est., 14 W. N. C. 407.

The claim being for board rendered during six years was properly disallowed because there had been no recognition of liability on the part of the decedent and no demand for compensation either in whole or in part during the life of the decedent: Amey's Appeal, 49 Pa. 126; Heilman's Est., 4 Dist. Rep. 571.

Claims against a dead man's estate, which might have been made against himself, while living, are always subjects of just suspicion, and our books from Graham v. Graham, 34 Pa. 475, to Miller's Est., 136 Pa. 239, 249, are full of expressions by this court of the strict requirement of proof and the firm control of juries in such cases. The present is no better than most of its class: Carpenter v. Hays, 153 Pa. 432; M'Laughlin v. M'Laughlin, 159 Pa. 489.

OPINION BY BEAVER, J., April 25, 1898:

The various specifications of error in this case raise but a single question, Was the court below justified in withdrawing

the evidence from the consideration of the jury and directing a verdict in favor of the defendant?

The plaintiff was a brother-in-law of the decedent, against whose estate he brought his action to recover boarding, lodging, etc., for six years prior to his death. It is to be noted, first, that the father of decedent in his will provided for the distribution of his property, share and share alike, among his children, the portion of John, the decedent, to be put at interest for his use and benefit. Second, that a period of five years or more intervened between the time when decedent lived with the plaintiff on his farm in Cumberland county, and was taken away from the plaintiff's house and at his request by the decedent's trustee and his return to the plaintiff under the changed conditions which followed. Third. When decedent returned to the plaintiff's residence in 1891, the environment of the plaintiff and the conditions under which he lived were entirely changed, he having removed from his farm in Cumberland county to a town residence in Harrisburg, by reason of which the opportunity of the decedent for assisting in the work in which the plaintiff was engaged was taken away and he, the decedent, became a lodger in the family of the plaintiff, without contributing in any real or substantial manner to the general welfare and maintenance of the family. Fourth. The plaintiff received at several times what was believed to be the entire income of decedent's estate "for the use of John Eckert."

In view of these facts, which do not seem to have been carefully analyzed by the trial judge in the court below, he was scarcely justified in holding that "During the twenty-one years that elapsed after decedent first went to live with plaintiff, for sixteen or seventeen of which he actually resided in plaintiff's house, as a member of his family, no demand for compensation was made either on him or his trustee, and clearly this was enough to rebut any presumption that compensation for boarding was intended or expected." The relationship existing between the parties raised no presumption of a gratuitous service to or maintenance of the decedent by the plaintiff. In Shubart's Estate, 154 Pa. 230, where the claim was made by the brother for the maintenance of a sister it was held that "As between brother and and sister, there is no presumption

that they lived together, as members of a family.  Family relationship must be proved by the party who asserts it."  " The performance and receipt of services generally raises an implied promise by him who receives, to compensate him who performs, but the implication may be rebutted.  When the parties are parent and child or members of the same family, the relationship excludes the implication of a promise.  In all cases, except that of parent and child, there must be evidence beyond the relationship that the creation of no debt was intended : " Curry v. Curry, 114 Pa. 367.  There was complete failure on the part of the defendant to show that the decedent earned what could be considered in any sense a substantial equivalent for his maintenance in the family of the plaintiff during the residence in Harrisburg, and the evidence, on the other hand, as to the value of the benefits received by the decedent in the family of the plaintiff was clear and abundant.  The demand of the plaintiff upon the trustee for money for clothing, in amount what was practically equal to the income of the estate, did not necessarily negative an intention to claim further for boarding, lodging, etc.

Under all the circumstances of the case, we are clearly of opinion that the facts were for the jury, and should have been submitted to them for their finding under proper instructions.

Judgment reversed and a new venire awarded.