DAVID J. MOORE, Respondent, v. COLUMBUS
RENICK, Administrator, etc., Appellant.

Kansas City Court of Appeals, June 2, 1902.

1. **Witnesses**: COMPETENCY OF: DECEASED PARTY: POST-MOR-
TEM CONVERSATION. The plaintiff, in an action to recover a
claim against an estate, is a competent witness in reference to con-
versations with him in regard to the matter in controversy after the
death of the decedent.

2. **Contract**: QUANTUM MERUIT: SERVICES. An implied contract
is co-ordinate and commensurate with duty, and wherever it is cer-
tain that one ought to do a particular thing, as for example, to pay
the worth of services requested by another, the law creates a con-
tract. (Cases considered.)

3. ———: ———: ———: RELATIONSHIP: INSTRUCTION. The
relationship of brother and sister does not per se raise the presump-
tion that the services are gratuitous, and where the evidence tends to
show the services are rendered on request, there is an implied promise
to pay unless the circumstances negative such implication; and an
instruction submitting these questions is approved.

4. ———: ———: ———: HUSBAND AND WIFE: INSTRUCTION.
An instruction telling the jury in effect that plaintiff was entitled to
recover for all services received by the deceased, whether performed by
plaintiff or his wife, deceased's sister, is condemned.

5. **Account**: ITEMS: LIMITATIONS: JURY. In a running and con-
tinuous account, where it is fairly inferable that the whole account
was regarded as but one, no item is barred by the statute of limita-
tions unless all are, and the inference is a question for the jury.

6. **Pleading**: PAYMENT: AGREEMENT. A plea of payment means
payment in money; and a payment other than in money rests on an
independent agreement, the substantive facts of which must be
pleaded and can not be shown under a general denial or a simple plea
of payment.

7. **Presumptions**: ONE RESTING UPON ANOTHER: INSTRUC-
TION. An instruction telling the jury that if plaintiff was indebted
to deceased and paid the same, there was in law a presumption of

fact from which the jury were authorized to infer that all items of indebtedness between them were finally settled, is condemned, since it rests one presumption upon another.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis,* Judge.

REVERSED AND REMANDED.

*John Welborn, Charles H. Lyons* and *William Aull* for appellant.

(1) It was the duty of the court, especially under the peculiar facts of this case, to have instructed the jury that if respondent was indebted to Renick and paid such indebtedness without allusion to any account (which was conclusively proven), there was a presumption of fact from which the jury might (not should) infer that all indebtedness existing was settled. Burkholder v. Henderson, 78 Mo. App. 287; Pickel v. Association, 10 Mo. App. 191; Seehorn v. Bank, 148 Mo. 256; Ferguson v. Company, 79 Mo. App. 352. (2) The court erred in refusing instruction 4 asked by respondent. Under the facts of this case respondent was entitled to the instruction. (3) The court erred in refusing instruction 2 asked by appellant. (4) The court erred in refusing instruction 3 asked by appellant. (5) The court erred in granting instruction 2 asked by respondent. (6) Instruction 1 given on part of respondent is misleading and should not have been given. It is an abstract proposition of law incorrectly stated without justification. There was substantial evidence to the contrary given in this case and it should not have been given. Lee v. Knapp, 55 Mo. App. 390; Schepers v. Railroad, 126 Mo. 665; Sackberger v. Grand Lodge, etc., 73 Mo. App. 40; Buesching v. St. Louis Gas Light Co., 73 Mo. 233; Moberly v. Railroad, 98 Mo. 183; Bailey v. Railroad, 152 Mo. 449; Rapp v. Railroad, 106 Mo. 423; Whitaker

v. Morrison, 44 Am. Dic. 627; Lawson on Presumptive Evidence, rule 120, p. 576; Whitsett v. Railroad, 25 N. W. 104; R. S. 1899, sec. 4652; Hach v. Rollins, 158 Mo. 190; Curd v. Brown, 148 Mo. 95; McElvain v. Garrett, 84 Mo. App. 305; Baker v. Reed, 162 Mo. 355; Chapman v. Dougherty, 87 Mo. 617; Leeper v. Taylor, 111 Mo. 312; Ring v. Jamison, 66 Mo. 424; Wood v. Matthews, 73 Mo. 477; Teats v. Flanders, 118 Mo. 670.

*John S. Blackwell & Son* and *W. H. Chiles* for respondent.

(1) There was no error in the refusal of the court to give instruction number 5, asked for by appellant. The law of presumption of payment does not apply to cases of express contract creating the indebtedness about which the presumption is claimed. In such cases, even a part payment of the debt itself is no satisfaction of the residue. Young v. Schofield, 132 Mo. 670, and cases cited. (2) The instruction is also objectionable in telling the jury that the presumption of fact is a presumption "in law," which is error and also misleading and prejudicial before a jury. Ham v. Barret, 28 Mo. 388. (3) There was no error in giving instruction number 1 asked by the respondent. (4) There was no error in permitting respondent to testify and deny the statement made by James Renick as to a conversation between the respondent and said witness, a month after the death of Ephraim Renick, as to his intention not to present an account for the board of deceased. R. S. 1899, sec. 4652; Poe v. Domic, 54 Mo. 123; Martin v. Jones, 59 Mo. 181; Wade v. Hardy, 75 Mo. 394; Callahan v. Riggins, 43 Mo. App. 130. The cases Ring v. Jamison, 66 Mo. 424, and Wood v. Matthews, 73 Mo. 477, cited by appellant, are overruled in Wade v. Hardy, 75 Mo. 401. (5) Instruction number 4 given on behalf of the respondent, was and is correct law and there was no error in giving

it; there was no relationship between the respondent and the deceased and, therefore, the presumption of paying for the board arises. Ramsey v. Hicks, 53 Mo. App. 190; Callahan v. Riggins, 43 Mo. App. 130; Dobbs v. Cates' Admr., 60 Mo. App. 320; Smith v. Myers, 19 Mo. 433; Finnell v. Gooch, 59 Mo. App. 209. (6) The issues were fairly submitted to the jury on proven instructions.

SMITH, P. J.—This is an action which originated in the probate court. The wife of the plaintiff was the sister of the deceased. The evidence adduced by the plaintiff tends to prove that the deceased was an unmarried man of considerable means, and that he had been making his home with his father and mother until after the mother's death, which took place in 1885, after which occurrence he and his father concluded to break up housekeeping. He then went to plaintiff and made that fact known and, at the same time inquiring of him (plaintiff) whether or not they could stay there, and to which inquiry plaintiff answered that they could, and thereupon the deceased replied that if they could do so he (the deceased) would make it all right with him. It is, in effect, conceded that the deceased made his home with plaintiff from February, 1885, until his death, which happened in January, 1889. It further seems from the evidence that the deceased kept, at the plaintiff's residence, from two to four horses during the time he made his home with plaintiff. The plaintiff's evidence further tended to prove that the plaintiff's wife, during the time the deceased lived with plaintiff, did his mending, washing, etc.

The plaintiff's evidence tends to show that during that time the deceased did no work for plaintiff except some chores which he performed occasionally, when agreeable to him, but that of the defendant tends to show that he did considerable work at times, such

as gathering corn, putting up ice, feeding stock, etc. The latter evidence further tended to show that the deceased made several loans of money to plaintiff, for which no interest was charged. The reasonableness of the charge of twelve dollars per month for the services rendered deceased by plaintiff, was not disputed. The action is on an account against the decedent's estate to recover $2,001 for board, room, washing, etc. The answer was a general denial, coupled with a plea of the statute of limitations, and that of payment.

There was a trial in the circuit court where the plaintiff had judgment, and the defendant appealed.

I. The defendant objects that the trial court erred in permitting the plaintiff to testify at the trial of the case. It appears from the record that James Renick a witness who had been called by the defendant, testified, in substance, that plaintiff had come to his (witness's) house after the appointment of the defendant as administrator, and had stated to him that he did not intend to charge the deceased any board. The plaintiff in response to a question asked him by his counsel as to whether or not he had made such statement, testified that he had not. As the plaintiff's testimony was in rebuttal and related to a conversation which took place between him and the witness Renick after the appointment of the administrator, under the statute it was properly admitted. R. S. 1899, sec. 4652; Callahan v. Riggins, 43 Mo. App. 130; Stanton v. Ryan, 41 Mo. 510; McGlothlin v. Hemry, 59 Mo. 213; Martin v. Jones, 59 Mo. 187; Wade v. Hardy, 75 Mo. 394; Eyermann v. Piron, 151 Mo. loc. cit. 115.

II. The defendant further objects that the court erred in giving plaintiff's first instruction, which told "the jury that when one person renders valuable services for another person, the law makes the other person liable for whatever sum such services are reasonably worth, and if you believe from the evidence in this case, that said Renick made his home with said

Moore, during the time charged for in the account, and that he received the care and attention and the services charged for in said account, then the law makes his estate liable for whatever such care and attention and such services are reasonably worth; and you will find for the plaintiff for whatever sum you believe from the evidence the same were worth, not to exceed the sum of $1,757.75; unless you shall believe from the evidence that said Moore did not intend to charge for said services when they were rendered.'' This instruction is unhappily and awkwardly worded, but barring this we think it is not an incorrect expression of the law, either in the abstract or concrete.

An implied contract is co-ordinate and commensurate with duty, and whenever it is certain that one ought to do a particular thing, as for example, to pay the worth of services requested by another, the law presumes the former to have promised that thing, or, in other words, it creates a contract. And so it has been held that a promise by the employer is generally implied to make reasonable compensation for services rendered, unless there are circumstances which negative that implication. Thomas v. Coal Co., 43 Mo. App. 653; Lowe v. Sinklear, 27 Mo. 308; Hay v. Walker, 65 Mo. 17. In the last-cited case it was in substance said that, in order to raise an implied contract to pay for services, it is not necessary that there shall have been an intention on the part of the one rendering the services during such services to charge therefor; it is sufficient that the one for whom the services is rendered expected to pay for it, and so, unless the services were performed under circumstances justifying the belief that no charge was intended, a liability arose even though no charge was, in fact, intended by the one rendering the service during rendition thereof. Hay v. Walker, as far as we are able to discover, has never been criticised or overruled. The general rule to be extracted from the cases in this State

is, that where one performs valuable services for another, the benefit of which has been received and enjoined by him, the law presumes an intention on the part of the former to charge and the latter to pay the reasonable value thereof, and raises a promise on the part of such latter to pay such reasonable value. Kostuba v. Miller, 137 Mo. 161. The ordinary presumption of an agreement to pay for valuable services rendered, does not obtain where the parties occupy the family relation. Woods v. Land, 30 Mo. App. 176; Penter v. Roberts, 51 Mo. App. 222; Louder v. Hart, 52 Mo. App. 377. In such cases the law raises the presumption that the services were voluntary and gratuitous, and this presumption will prevail unless a contract to pay for them be shown. Kostuba v. Miller, ante. The existence of the relation of brother and sister is not per se sufficient to authorize the presumption that service performed by the one for the other was gratuitous, unless they lived together and thereby created the family relation. Callahan v. Riggins, 43 Mo. App. 130.

In the present case, there was evidence which tended to show that the services, the value of which the plaintiff seeks to recover, were rendered by the plaintiff at the request of the deceased. From these facts the law would imply a promise on the part of the deceased to pay the reasonable value of such services, unless there were circumstances disclosed by the evidence negativing that implication.

The declarations and admissions made, if they were made, by the plaintiff, since the appointment of the defendant as administrator, that he did not intend to charge the deceased anything for the services, would have the effect to negative or rebut the implication. There was evidence of other facts and circumstances having a like effect. Besides this, if the jury found that the family relation existed between the parties as indicated by the instructions for the defendant,

then that raised the presumption of a fact which nega-
tived the implication of a promise on the part of the
deceased to pay for the service rendered by the plain-
tiff. . Accordingly, we think this instruction, while sub-
ject to some slight verbal criticism, was not erroneous
in expression nor was it, when read in connection with
the others given, calculated to mislead the jury.

The defendant loudly complains, as well he might,
of the action of the circuit court in giving the follow-
ing instruction for the plaintiff: "Although you may
believe from the evidence that some of the services
charged for in the account were rendered said Renick
by the wife of said Moore; still, the said Moore is
entitled to compensation for all the services that said
Renick received that are charged for in the account;
whether rendered by said Moore in person or by his
wife." It seems to us that by this instruction the
court told the jury, about as plainly as it well could,
that plaintiff was entitled to recover for all the ser-
vices rendered to the deceased, whether or not such
service was performed in part by the plaintiff's wife
Owing to its peremptory character, in a case like this
where the evidence is not only conflicting but so evenly
balanced, it is utterly intolerable. But if this be not
so, it should at least be condemned for ambiguity, and
on account of which it was calculated to mislead the
jury.

No objection is seen to plaintiff's fourth, when
read in connection with the defendant's sixth and sev-
enth, for the three when taken together contain a com-
plete expression of the law covering the issue to which
they relate. Swofford v. Spratt, 93 Mo. App. 631, and
the cases there cited.

III. The court very properly refused the defend-
ant's instruction number two, which told the jury that
all the items of the plaintiff's account which accrued
five years before the commencement of the suit was

Vol 95 app—14

barred by the statute of limitations. We are cited to no authority, nor are we aware of any, which sanctions such an instruction in a case like this. The rule is that when the account is a running and continuous one, and it is fairly inferable from the conduct of the parties while the account is accruing, that the whole may be regarded as one account, then none of the items are barred unless all are. Chadwick v. Chadwick, 115 Mo. 581. Whether such inference is authorized by the evidence, is for the jury and not for the court to determine.

No sufficient reason is suggested why the defendant's third was not properly refused. It was not within the limits of the issue. Wright v. Fonda, 44 Mo. App. 634.

Nor do we discover any ground for questioning the propriety of the action of the court in refusing the defendant's fourth. Whether or not the deceased paid for the board of himself and horses, by work and labor performed for plaintiff, is not an issue made by the pleadings. The answer was a general denial coupled with a simple plea of payment. A payment other than in money must necessarily rest on an independent agreement, and where the action is commenced in a court of record, as here, where formal pleadings are required, such an agreement can not be shown under a general denial or simple plea of payment, but the substantive facts of the agreement must be pleaded. Rider v. Culp, 68 Mo. App. loc. cit. 531.

The court properly refused the defendant's fifth instruction, by which the court was requested to tell the jury that if during the time plaintiff's account accrued, he was indebted to the deceased and he paid the said deceased such indebtedness, then upon such payment there *was in law a presumption of fact from which the jury were authorized to infer (presume) that all of the items of indebtedness between plaintiff and deceased at that time were finally settled.* A presump-

tion which the jury is to make is not a circumstance in proof, and is not, therefore, a legitimate foundation for a presumption. We have here presented an instance of one presumption resting upon another. Such a mode of arriving at a conclusion of fact can not be approved. Bigelow v. Railway, 48 Mo. App. 367; Chemical Co. v. Lackawanna, 78 Mo. App. 305; Glick v. Railway, 57 Mo. App. 104; United States v. Ross, 92 U. S. 281. The court, no doubt, meant by this instruction to authorize the application of the ruling as it is declared in Ham v. Barret, 28 Mo. 388, and the other cases that have followed it, but failed, as we think, to do so.

On account of the error in the giving of the plaintiff's second instruction, the judgment must be reversed and the cause remanded. All concur.