168 So. 184

## COLEMAN v. ADKINS.

### 6 Div. 735.

Supreme Court of Alabama.

May 14, 1936.

Oliver Henderson and Harsh, Harsh & Hare, all of Birmingham, for appellant.

H. M. Powell, of Birmingham, for appellee.

Brief did not reach the Reporter.

BOULDIN, Justice.

Action against an administrator for alleged indebtedness of the decedent to his sister for board, lodging, nursing, and laundry while the brother was living or sojourning in the home of his married sister and her family.

Without question the original family relations of youth had long since been severed; the decedent, his brothers and sisters establishing homes of their own, engaging in their various businesses, or avocations, making their own livings.

The decedent, J. R. Adkins, late in life, being alone, lived with the sister, the plaintiff, Mrs. Isabel Coleman, for varying intervals from the year 1928 to the date of his death in 1932. During this time he also lived with his brothers and another sister at intervals, going and coming from the home of one to the home of another at pleasure. He had property and income, and, it appears, was indebted somewhat during that period.

The case was submitted to the jury on counts 1, 7, and 8. Counts 1 and 7 allege a contract fixing the price at $12.50 per week, and claim at such rate for the aggregate period of 109 weeks. Count 8 claims $450.00 upon account stated for the period ending November 2, 1929.

The trial court gave the affirmative charge for defendant as to count 5 of the complaint, as amended. This count would support a verdict on evidence of an express or an implied agreement to pay a reasonable sum. It is now well-settled in this state that an implied agreement may be inferred and support an action of this kind as between near relatives, where the facts and circumstances are such that a mutual intent to pay and to receive pay for such

services is a reasonable and just conclusion. Lowery et al. v. Pritchett, 204 Ala. 328, 85 So. 531; Nelson v. Nelson et al., 210 Ala. 592, 98 So. 885; Croft v. Croft et al., 219 Ala. 94, 121 So. 82; Butler v. Kent, 152 Ala. 594, 44 So. 863; Kinnebrew's Distributees v. Kinnebrew's Administrators, 35 Ala. 628; Parker's Heirs v. Parker's Adm'r, 33 Ala. 459.

Aside from the circumstances aforementioned, there was evidence offered by defendant to the effect that the decedent recognized an obligation to pay his brothers and sisters for board, lodging, etc., while living in their homes, and did pay the others.

One issue before the jury was whether he paid as he went, furnishing supplies and paying money in such sums as were reasonable and satisfactory, and whether he did likewise while living with this plaintiff. Sums, if any, paid to plaintiff's husband as head of the family furnishing the board and lodging were proper to be considered by the jury.

On the other hand, if, by reason of shortage of funds or oversight, the decedent failed to pay this plaintiff what was reasonable, and recognized in his last days, as some evidence tended to show, that she should be compensated, or further compensated, there might be a recovery on an express or an implied agreement, for such sum as the jury should find due and unpaid.

There was therefore an issue for the jury under count 5 as upon an implied agreement. The court erred in giving the affirmative charge for defendant as to this count.

■ Evidence for plaintiff tended to show that as decedent was preparing to leave on a trip to the West, November 2nd, 1929, she, with the aid of her husband, in the presence of decedent, figured up the time and amount due to that date, to wit, $450 which was then entered on a book, seen by decedent, and he then agreed to the correctness of said sum and promised to pay it on his return. This evidence tended to support count 8 of the complaint specially claiming said sum as upon an account stated.

Plaintiff offered the book entry so made and identified. The court rejected same on objection of defendant. This was error. Such entry was part of the res gestæ of that transaction, a circumstance to be considered by the jury in connection with the whole evidence.

On the whole evidence it was for the jury to say whether such transaction did or did not occur. If the jury should find it did occur, it was a further question on the whole evidence whether such demand was satisfied after decedent's return. There was therefore no error in refusing charges for plaintiff instructing for plaintiff as to this item if they found such alleged transaction did occur.

■ There was no error in rejecting later book entries purporting to figure up the full time and set down the full amount due upon the death of decedent.

■ It was in evidence that decedent's brothers and sister, other than plaintiff, presented claims against decedent's estate which were approved and paid by the administrator, also a brother of decedent.

They were witnesses for defendant. Plaintiff offered in evidence the claims so presented and paid. Such evidence was rejected on defendant's objection. Appellant insists this evidence should have been received as going to the question of interest or bias of these witnesses.

Their interest as distributees and heirs at law may have been sufficient on this line. But the fact that decedent was still indebted to other brothers and sister at the time of his death was a circumstance to be considered along with conflicting evidence as to his income and ability to meet his obligations, especially during the latter part of his life.

In the light of evidence of his declarations to friends to the effect that he had not been able to fully compensate his sister, this plaintiff, we are of opinion these claims of his other relatives should have been admitted.

■ Defendant's given charges 17 and 18 were obviously erroneous in directing a verdict for defendant if any one of the jurors was not reasonably satisfied of plaintiff's right to recover. Louisville & N. R. Co. v. Steverson, 220 Ala. 158, 124 So. 205; Morrison et al. v. Clark, 196 Ala. 670 (14), 72 So. 305; Goldsmith v. State, 105 Ala. 8, 16 So. 933; Carter et al. v. State, 103 Ala. 93 (2), 15 So. 893.

■ There was error in giving defendant's charge set out in assignment of

error 15. Rarely, if ever, is it proper to instruct a jury "that the court regards with suspicion and disfavor" actions of the class the jury are trying.

As to this and other charges it may be observed that, as between brother and sister, the question whether there is such family relation as brings the case within the usual presumption as between parent and child depends on the facts of the particular case. Living "as members of the same family" in this connection is widely held to mean a group of persons who form one household, under one head, one domestic establishment wherein the several members have reciprocal, natural, and moral duties to support and care for each other. 28 R.C.L. 683 (17); Curry v. Curry, 114 Pa. 367, 7 A. 61; Moore v. Renick, 95 Mo. App. 202, 68 S.W. 936; Mark's Adm'r v. Boardman (Ky.) 89 S.W. 481, 1 L.R.A. (N.S.) 819; O'Connor v. Beckwith, Administrator, 41 Mich. 657, 3 N.W. 166; 11 L.R.A.(N.S.) 898; Jones, Adm'r, v. Jones, 146 Md. 19, 125 A. 722, 36 A.L.R. 672, 676; Hardiman's Adm'r v. Crick, 131 Ky. 358, 115 S.W. 236, 133 Am.St.Rep. 248; Keyes, Executrix, v. Thornton's Estate, 150 Ill.App. 523; Combs v. Beatty, 3 Bush (Ky.) 613; Goetschius v. Hunt, 127 N.Y. 682, 28 N.E. 256.

Where, as here, it does not appear the brother collaborated with his brother-in-law and members of his family in the activities from which support was derived, but had a business, income, and property all his own, but came to live with his sister, because of ties of blood, and the personal care and ministries in sickness and in health which such relationship would induce, the jury should not be instructed to indulge a presumption that board, lodging, nursing, and laundry should be gratuitous; but they should be instructed to consider all the circumstances and determine whether there was a mutual intent, express or implied, that the brother should compensate the sister. As before stated, the further inquiry in this case was: Did he do so, by furnishing supplies and money from time to time during his sojourn; or were such as were furnished adequate, or given and accepted as in full? Mark's Adm'r v. Boardman (Ky.) 89 S.W. 481, 1 L.R.A. (N.S.) 819; In re Shubart's Estate, 154 Pa. 230, 26 A. 202; Dance's Adm'r v. Magruder (Ky.) 80 S.W. 1120; O'Connor v. Beckwith, Administrator, 41 Mich. 657, 3

N.W. 166; 11 L.R.A.(N.S.) 898; Spencer v. Spencer, 181 Mass. 471, 63 N.E. 947.

This, we think, will suffice as a sufficient guide on another trial.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.