# Chapman *et al. v.* Peebles.

### *Bill in Equity to enforce Vendor's Lien.*

84  283
99  618
84  283
120  222

1. *Privileged communications; testimony of attorney.*—An attorney who wrote the note for the purchase-money, which was thereupon signed in his presence by the purchaser, may testify to these facts, in a suit to enforce the vendor's lien, although he was the general attorney and retained adviser of the purchaser; and he may further testify that, on the same day, he paid over to the purchaser moneys in his hands as attorney.

2. *Vendor's lien; waiver; burden and sufficiency of proof.*—On a sale and conveyance of land, part of the purchase-money being paid in cash, and the purchaser's individual note taken for the balance, a vendor's lien is presumptively retained, in the absence of an agreement to the contrary, or of attendant circumstances repelling such presumption; if the note recites that it is given for the unpaid balance of purchase-money, and the purchaser is insolvent, these facts strengthen the presumption, and it is not overcome by the execution of the conveyance to his wife and children; nor is the uncorroborated testimony of the purchaser's wife, after his death, sufficient to establish an express agreement to waive the vendor's lien, in the face of these and other facts inconsistent with it.

3. *Parties to bill.*—Where the purchaser died insolvent, and no administration has been granted on his estate, a bill to enforce the vendor's lien may be maintained against his wife and children, to whom the legal title was conveyed, without making his personal representative a party.

APPEAL from Pickens Chancery Court.

Heard before Hon. THOS. W. COLEMAN.

The appellee, Emory B. Peebles, filed this bill to enforce a vendor's lien on land sold by his father, W. B. Peebles. The said W. B. Peebles having died, the note given him for the unpaid purchase-money, in the division and distribution of his estate, became the property of his son, the complainant.

GREEN B. MOBLEY, for appellants.

[Chapman et al. v. Peebles.]

M. L. STANSEL, and E. D. WILLETT, *contra.*

CLOPTON, J.—Appellee brings the bill to enforce the vendor's lien. It alleges that W. B. Peebles, the father of the complainant, sold the lands mentioned therein to John R. Chapman, who gave the note set forth in the bill for the unpaid balance of the purchase-money, and that the vendor, at his request, made the conveyance to the defendants, one of whom was his wife, and the other his minor son. The defense set up by the answer is, that the lands were purchased by the defendants, who made the cash payment with their own money, and that it was distinctly understood and agreed, that the vendor would look solely to the maker of the note for its payment, and that the land should be discharged of any lien. The contestation between the parties is, whether there was a waiver, or an agreement to relinquish the vendor's lien.

It is proper, before proceeding to consider the case on the merits, to notice objections to the testimony, which were taken by the defendants, and thus determine what evidence should be considered in deciding the case. It is objected, that the witness Cooke is incompetent to testify to the facts stated by him, on the ground that he was the attorney of Chapman, and that they were communicated to him in professional confidence. Notwithstanding he was his attorney in other matters and the retained adviser in his general business, it is admissible for him to testify to the facts, that he wrote the note for the purchase-money, that Chapman executed it in his presence, and that he paid him, on the same day, money, which was in the hands of witness, as his attorney. These were acts, not communications in professional confidence, and do not come within the rule which excludes privileged communications.—1 Greenl. Ev. § 240, *note a*; *Mobile & Montg. R'wy. Co. v. Yeates,* 67 Ala. 164. The chancellor did not err in overruling the objection to the testimony of the complainant in respect to the admissions and declarations of the defendants relating to the unpaid note, and the reservation of the vendor's lien. The evidence does not explain or vary the legal effect of the note, nor contradict the written terms. The chancellor considered the testimony of Mrs. Chapman, in regard to transactions with the deceased vendor, for the reason that no objection to her competency was taken in proper time. We shall also consider it, and give it such weight as her relation to the suit, and

interest in the subject-matter, and its corroboration or contradiction by the other testimony, may authorize.

There is no dispute that the note was given for the unpaid balance of the purchase-money. In the absence of an agreement to the contrary, a vendor's lien is presumed to exist when land is sold and conveyed, and no security taken for the purchase-money other than the personal obligation of the vendee, unless the nature of the contract, or the attendant circumstances satisfactorily show that the reservation of the lien was not intended. It can not be successfully claimed that there is anything in the peculiar nature of the contract, or the attendant circumstances, other than is shown by the evidence of Mrs. Chapman, which shows a waiver of the lien. The mere fact that the deed was executed to the defendants is not sufficient to overcome the presumption. The lien is not waived or abandoned, when the vendor accepts the individual note of the purchaser for the unpaid balance of the purchase-money, though the conveyance may be made at his request to his wife and son.—*Stringfellow v. Ivie*, 73 Ala. 209; *Moore v. Worthey*, 56 Ala. 163.

The claim of defendants is, that the. lien was waived or relinquished by the express agreement of the vendor, which is sought to be established by the unaided testimony of Mrs. Chapman. On them rests the burden of establishing such agreement, and if it remain in doubt, the lien must be held to attach. It is true, that Mrs. Chapman testifies that she made the contract of purchase with the vendor; but this is inconsistent with the evidence of Cherry, who is disinterested, and who was examined on the part of defendants. He testifies, that he saw the vendor about selling the land at the instance of John R. Chapman, and sold the land to him, though he was not present when the note and deed were executed.

Mrs. Chapman further testifies, that she made the cash payment of two thousand dollars with her own money and the money of the minor son, each contributing one half. John R. Chapman was the guardian of his son, and Cooke testifies, that on October 13, 1880, at the time he wrote the note, he paid Chapman, as guardian, over fifteen. hundred dollars, and over two hundred dollars of his individual money, making in the aggregate about $1800. The note and deed are both dated October 15, 1880.· It appearing that Chapman had the note written, and obtained the money from Cooke, cotemporaneously, and closed the purchase within two

[Chapman et al. v. Peebles.]

days thereafter, there can be but little, if any, doubt, that he used this money in making the cash payment, a part of which belonged to his son, and a part to himself. The note recites on its face that it was given for the balance of the purchase-money of the land. The question of the waiver of the lien is one of intention, and such recital in the note is regarded as impliedly evincing a strong intention that the vendor's lien shall be retained.—*Tedder v. Steele*, 70 Ala. 347. The retention of the lien is further shown by the admissions of defendants to complainant, as testified by him, whose testimony in this regard is uncontradicted. It is clearly shown that John R. Chapman was insolvent, and it is not reasonable to suppose, that the vendor would have discharged the land, and look solely to an insolvent debtor, who had already claimed his exemptions. Unless there was an intention to reserve the lien, there could have been no meaning or purpose for stating in the note, which was so written by direction of Chapman, that it was for the balance of the purchase-money of land, "which he (the vendor) has this day conveyed to Oscar Chapman and Mary B. Chapman." Other inconsistencies between the testimony of Mrs. Chapman and the other evidence could be noticed, but it is unnecessary. Her evidence, which stands unsupported, and is opposed by proof made by the other witnesses, and by the internal evidence of the writings, fails to satisfactorily show an agreement to discharge the land. The preponderance of evidence is, that John R. Chapman was the purchaser, though he bought it for his wife and son. It may be, that if the money of the defendants was used by him in paying for the land, they could in a proper case have avoided the contract; but they will not be permitted to reap its benefits, and escape its burdens.

The bill alleges that the purchaser was insolvent and that there was no administration of his estate. A vendee, who has parted with all his interest in the land, though a proper, is not a necessary party, to a bill to enforce a vendor's lien. *Wilkinson v. May*, 69 Ala. 33. A bill to enforce such lien merely is distinguished in this respect from a bill to foreclose a mortgage, in which case an equity of redemption resides in the mortgagor. Also in this case, the chancellor sustained the ground of demurrer to the bill, that the personal representative of Chapman is an indispensable party, and gave complainant leave to amend, which the record recites was accordingly done in open court, but the particular

[Purcell v. Lay et al., Ex'rs.]

amendment is not disclosed; and twelve months thereafter the parties, without further objection, proceeded to try the case. Under these circumstances, and as the estate of John R. Chapman has no material interest in the issue necessarily affected by the decree, we can not say that the chancellor erred in proceeding to a decree without his personal representative being made a party.

Affirmed.