# Hammett *et al. v.* Stricklin.

## Bill in Equity to enforce Vendor's Lien.

1. *Vendor's lien; waiver by recital in note for purchass-money.*—Although a purchaser's note, with surety, recites that it was given for the purchase-money of land, the vendor's lien is waived if this recital is made as a mere inducement to an agreement, also contained in said note, that the purchaser should have the right to pay off any lien which might exist on the land, and hold the amount so paid as a set-off against said note.

2. *Misjoinder of parties defendant; by whom available.*—One who is improperly made a party defendant to a bill in equity may take advantage of the misjoinder; but if such defendant fails to object, a demurrer by a co-defendant on the ground of such misjoinder, will not be sustained.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. S. K. MCSPADDEN.

The bill in this case was filed by Matilda J. Stricklin against the appellants on December 31, 1892, and sought the enforcement of a vendor's lien, to compel the payment of a note which had been given for a part of the purchase-money of certain lands.

The bill avers that on December 26, 1891, the complainant and her husband, George E. Stricklin, being seized of certain described property, sold and conveyed the same by warranty deed to Perry Hammett, one of the respondents; that the said purchaser paid a part of the purchase-money in cash, and gave a note, dated December 26, 1891, payable

[Hammett et al. v. Stricklin.]

December 26, 1892, for the balance due of the purchase-money; and that this note was not paid at maturity, and has never been paid. This note, which is the basis of the present suit, was made an exhibit to the bill, and shows that it was executed by Perry Hammett, the purchaser, and one Louis Hammett. Perry Hammett, Louis Hammett and George E. Stricklin, the husband of the complainant, are made parties defendant. The respondents, Perry Hammett and Louis Hammett, demurred to the bill on the grounds, that there was a misjoinder of parties, in that said George E. Stricklin was improperly made a party defendant; and that it was shown by said bill that the complainant had waived her vendor's lien for the enforcement of the payment of said note, by reason of her having accepted the said note with Louis Hammett as surety thereon.

There was a decree *pro confesso* against the defendant George E. Stricklin. On the submission of the cause, upon the demurrer, the chancellor overruled each ground thereof. The respondents, Perry Hammett and Louis Hammett, on this appeal, taken by them, assign as error the decree of the chancellor overruling their demurrer.

BROWN & STREET, for appellant.—(1.) George E. Stricklin is improperly made a party to the bill.—Code, § 2347; *Bogan v. Hamilton*, 90 Ala. 454; *Wolfe v. Underwood*, 91 Ala. 523; *Marshall v. Marshall*, 86 Ala. 383; *Wilkinson v. May*, 69 Ala. 33.

(2.) When the vendor of lands accepts an independent security for the payment of the purchase money, *e. g.* a note with surety, this is *prima facie* a waiver and abandonment of the lien on the land.—*Foster v. Athaneum*, 3 Ala. 302; *Donegan v. Hentz*, 70 Ala. 437; *Tedder v. Steele*, 70 Ala. 347; *Walker v. Struve*, 70 Ala. 167; *Walker v. Carroll*, 65 Ala. 61; *Woodall v. Kelly*, 85 Ala. 368; *Ramage v. Towles*, 85 Ala. 588; *Chapman v. Peebles*, 84 Ala. 283.

LUSK & BELL, *contra*.—(1.) The mere taking of security for the purchase-money, by having another person, who is a stranger to the transaction, sign the note with the purchaser, is not an abandonment of the lien for the purchase-money. (2.) The misjoinder of a defendant is available only to the defendant improperly joined.—*Ware v. Curry*, 67 Ala. 274, and authorities there cited.

HEAD, J.—*Bryant v. Stephens*, 58 Ala. 636, declared the rule that a recital in a promissory note that it was given for

[Hammett et al. v. Stricklin.]

the purchase-money of land therein described, created conclusively, by contract, a charge on the land for the purchase-money, in the nature of an equitable mortgage; but in the subsequent case of *Tedder v. Steele*, 70 Ala. 347, that doctrine was departed from, and subjected to modification, and the sounder and true principle was held to be that such a recital is merely a cogent fact indicating an intention not to waive or abandon the vendor's lien, but to retain it; and it was held that the fact was so cogent and the presumption so strong as to overcome and rebut the weaker presumption of waiver arising from the taking of personal security on the note for the purchase-money. Grave doubts even of the correctness of the modified view were entertained by all the judges; but nevertheless it was so held, and has been recognized in a later decision of this court.—*Chapman v. Peebles*, 84 Ala. 283 . The note, upon which the lien of a vendor is sought to be enforced in the present case, has upon it a personal surety, which fact evidences a waiver of the lien, unless that result is repelled by the recital found in the note in the following words: "This note is given for part purchase-money of land this day purchased from George E. Stricklin and wife, and it is expressly understood that I shall have the right to pay off any lien that may exist on said land which the said Stricklin may have failed to remove, and the amount so paid shall be a good off-set against this note." We can not resist the conclusion that the sole purpose of the insertion of this clause was to provide, by express agreement, for the right of the principal maker to pay off any lien which might exist on the land, and hold the amount so paid as a set-off against the note. The recital that the note was given for the purchase-money of land was mere inducement to that agreement. No idea of the creation or retention of a security by way of vendor's lien is involved in such a provision as that contained in the note. Security was otherwise provided, viz.: by requiring a personal surety. The clause having on its face so plain a purpose to be accomplished, it can not be said to have been inserted for any other purpose. We are of opinion the chancellor erred in holding otherwise. There is nothing in the other ground of demurrer insisted on in the argument of appellant.—*Ware v. Curry*, 67 Ala. 274.

Reversed and remanded.