# Spears *v.* Taylor, *et al.*

### *Bill to Enforce Vendor's Lien.*

. (Decided Jan. 23rd, 1907.   42 So. Rep. 1016.)

1. *Vendor and Purchaser; Vendor's Lien; Effect of Taking Collateral Security.*—Where one sells land and takes personal collateral security as a pledge or mortgage, generally no lien for the purchase money rests on the land.

2. *Same; Waiver; Burden of Proof.*—Where a vendor's lien has been reserved on the land, the party asserting that such lien has been waived has the burden of proving it; but where a distinct security sufficient to operate as a waiver has been taken and this is shown, the burden is shifted to the vendor to prove a reservation of the lien.

3. *Same; Evidence.*—The vendor sold the land and took a note for part of the purchase price which described the land by government subdivisions and recited that it was given in part payment of the land. The note was signed by C. as surety. He testified that he agreed to sign the note because a lien was reserved and so stated to the vendor and purchaser, and also so stated to the purchaser's vendee. Held, not to show a waiver of the vendor's lien for the balance of the purchase money.

4. *Appeal; Equity; Chancellor's Decree; Presumptions.*—No presumptions are indulged as to the correctness of the chancellor's decree on appeal, and this court must reach its own conclusions without regard to such decree.

[Spears v. Taylor, et al.]

APPEAL from Dale Chancery Court.
Heard before Hon. W. L. PARKS.
Bill by S. A. Spears against R. I. Taylor and others. From a decree in favor of defendants, plaintiff appeals.

This was a bill to enforce a vendor's lien. The appellant filed the bill against the appellee and against H. H. Dowling & Co., who are alleged to have a mortgage on the land. The defense was that the lien was waived by taking personal security on the note for the deferred payment. Dowling's defense was a want of notice and innocent purchaser without notice. The facts tend to show that the appellant sold appellee Taylor a lot of land, for which he received a large sum of money and a note for $100, describing the land and stating that it was a vendor's lien note. The surety signed it. The surety testifies that he would not have signed, but for the fact that it was a purchase-money note, and that he so informed both parties. He also testified that he told Dowling & Co. of the fact that it was a purchase-money note, and that he signed it as such. The chancellor refused to enforce the lien, held the seller to have waived it, and that Dowling & Co. were innocent purchasers for value without notice. From this decree this appeal is prosecuted.

H. L. MARTIN, for appellant.—The evidence shows that it was the intention of the parties that the vendor's lien was not to be waived by the taking of personal securities.—*Teddow v. Steele*, 70 Ala. 347; 4 Mayf. Dig. pp. 1104, 1105.

H. B. STEAGALL, for appellee.—No brief came to the reporter.

DENSON, J.—This is a bill filed by Mrs. S. A. Spears against R. I. Taylor, H. H. Dowling & Co., and H. H. Dowling and Mrs. Neal Dowling, individuals composing the firm of H. H. Dowling & Co. The purpose of the bill is to enforce a vendor's lien on the lands described in the bill. The critical question for determination is: Did the complainant, under the circumstances accom-

panying the sale, waive her vendor's lien by taking personal security to secure the deferred payment?

The undisputed facts are that on August 30, 1904, the complainant, through her husband, who was her general agent, sold the lands to R. I. Taylor for the sum of $1,100, and the complainant executed to Taylor an absolute deed to the lands. Taylor paid $1,000 of the purchase price in cash, and complainant accepted his note for $100 with W. E. Clements as surety for the balance, due November 15, 1904. The note recites that it was given in part payment of the lands, and describes the land. The first case involving this question that came before this court was decided in 1842.—*Foster v. Trustees, etc.,* 3 Ala. 302. In that case the court, speaking through Ormond, J., after reviewing the English and American cases, concluded with this summary: "It cannot, therefore, we think, admit of serious doubt that the law on this interesting subject ought to be considered as settled, at least in the United States, that, where a vendor of land executes a conveyance and takes personal collateral security as a pledge or mortgage, no lien exists on the land itself. So far as the presumed lien on the land for the purchase money rests for support on the supposed intention of the parties, it may be confidently stated that in this state it rarely, if ever, exists in the contemplation of the parties where a conveyance of the land is made." The doctrine as stated in that case has never been departed from by the court, as will be seen by reading numerous cases decided since its promulgation.—*Walker v. Carroll,* 65 Ala. 61; *Walker v. Struve,* 70 Ala. 167; *Donegan v. Struve,* 70 Ala. 437; *Donegan v. Hentz,* 70 Ala. 437; *Tedder v. Steele,* 70 Ala. 347; *Williams v. McCarty,* 74 Ala. 295; *Carroll v. Shapard,* 78 Ala. 358; *Chapman v. Peebles,* 84 Ala. 283, 4 South. 273; *Jackson v. Stanley,* 87 Ala. 270, 6 South. 193; *Hubbard v. Buck,* 98 Ala. 440, 13 South. 364.

But the question of waiver, it has been held, is one of intention, and the burden of proof is on the vendee to establish in the particular case that the lien has been intentionally displaced, or waived, by consent of the parties, express or implied. "If it remain in doubt, then the lien must be held to attach."—*Tedder v. Steele,*

70 Ala. 347, 351, citing 2 Story's Eq. Jur. § 1224; 1 Perry on Trusts, § 236. In respect to the burden of prof it has also ben held that "the burden of proof is, in the first instance, on the party asserting a waiver of the lien; but, when it is shown that a distinct or independent security, sufficient to operate as a waiver, has been taken and accepted, the onus is shifted on the vendor to prove an understanding or agreement for its reservation."—*Jackson v. Stanley*, 87 Ala. 270, 6 South. 193. While it is true that the note upon which the vendor's lien is sought to be enforced in the case at bar has upon it a personal surety, which fact evidences the waiver of the lien, it is also true that the note contains these recitals: "It is understood that this note is given in part payment on the S. A. Spears land, better known as the 'W. M. Sheppard Place.'". Immediately following the recitals quoted is a description of the land by the government subdivisions. In this state of the case the rule is that such recitals are cogent facts indicating an intention not to waive or abandon the vendor's lien, but to retain it—so cogent, and the presumption so strong, as to overcome and rebut the weaker presumption of waiver arising from the taking of personal security on the note for the purchase money.—*Tedder v. Steele*, 70 Ala. 347; *Chapman v. Peebles*, 84 Ala. 283, 4 South. 273; *Hammett v. Stricklin*, 99 Ala. 616, 13 South. 573; *Graylee v. Lamkin*, 120 Ala. 210, 24 South. 756; *Hood v. Hammond*, 128 Ala. 569, 30 South. 540, 86 Am. St. Rep. 159. So it would seem that in the instant case the burden of proof remains with the vendee to establish that the lien has been intentionally waived.—*Tedder v. Steele, supra*.

The chancellor held that the complainant was not entitled to relief, thus necessarily holding that the lien was intentionally waived. No presumption of correctness can be indulged in favor of the chancellor's decree; but we must reach our conclusion without regard to it. The oral evidence has been carefully considered, in connection with the documentary, and we are unable to concur with the chancellor. Our conclusion is that the preponderance of the evidence shows that the lien was not waived, and that respondents Dowling & Co. took

their mortgage with notice of the lien. It follows that the decree of the chancery court must be reversed, and a decree will be here rendered granting the relief prayed for.

Reversed and rendered.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.