22 So.2d 421

**HYDE v. STARNES.**

**7 Div. 825.**

Supreme Court of Alabama.

May 31, 1945.

Earl McBee and D. G. Ewing, both of Birmingham, for appellant.

W. T. Starnes, of Pell City, and Hood, Inzer, Martin & Suttle, of Gadsden, for appellee.

28

THOMAS, Justice.

This appeal is from a decree of the circuit court in equity disallowing a claim filed by Mrs. Dee Hyde against the estate of Mattie F. Abbott, deceased. The claim was for the principal sum of Nine Hundred and Ninety ($990) Dollars with interest thereon for services rendered and board furnished by claimant to her aunt, Mrs. Abbott.

The estate and administration thereof was duly removed from the probate court to the circuit court in equity. The claim in question had been properly verified and duly filed in the office of the probate judge of the county having jurisdiction of the administration of the estate. Mr. Willingham was appointed administrator of the estate with the will annexed and letters of administration issued. Objection was made to the claim by the administrator ad litem, at the insistence of one of the legatees under the will. The trial was had on the objection of the administrator ad litem.

The suit or claim was based on quantum meruit. Robertson v. Business Boosters' Country Club, 210 Ala. 460, 98 So. 272; Allen v. Mendelsohn & Son, 207 Ala. 527, 93 So. 416, 31 A.L.R. 1063; 7 Corpus Juris Secundum, Assumpsit Action of, § 2, p. 110; 4 Amer.Juris, p. 497.

■ There was no denial that decedent owed claimant for her board and for nursing her, for the time, and reasonable compensation that obtained for such services and things furnished. 51 C.J. p. 116. The evidence in opposition to, and in support of, the allowance for such services was taken before a commissioner appointed by the court, transcribed and presented to the trial court for decision. The decree rendered disallowed the claim in toto. As the testimony was taken before a commissioner appointed by the court, and not before the court rendering the decree (Hodge v. Joy, 207 Ala. 198, 92 So. 171), no presumption of correctness can be indulged in favor of that decree. This court must reach its own conclusion rested upon the legal evidence without regard to the decree of the lower court. Spears v. Taylor, 149 Ala. 180, 42 So. 1016, 13 Ann.Cas. 867.

■ The claim of appellant was submitted for decree on Nov. 10, 1943. W. T. Starnes, as administrator ad litem, filed his note of submission on October 19, 1943. The decree disallowing the claim was rendered on Nov. 20, 1943. The appeal was taken December 20, 1943. The act approved July 1, 1943, p. 308, was in effect on the dates indicated.—Code 1940, Tit. 61, § 216. The disallowance of the claim by the court was a final judgment from which an appeal may be prosecuted. Code 1940, Tit. 61, § 216. Gant v. Gilmer, 245 Ala. 686, 18 So.2d 542; Dudley v. Whatley, 244 Ala. 508, 14 So.2d 141, 147 A.L.R. 508; Tillery v. Commercial Nat. Bank of Anniston, 241 Ala. 653, 4 So.2d 125. The most recent case by this court is Jennings v. Provident Life & Accident Co., 22 So.2d 319.[1] See Code 1940, Tit. 7, § 433, as to competency of parties as affected by interest, as affecting the interests of decedent's estate, by one person having a pecuniary interest in the result of the suit or proceedings.

■ This court will consider only the relevant, material, competent, and legal testimony offered by the parties. Sansom v. Sturkie, 245 Ala. 514, 18 So.2d 267; Jennings v. Provident Life & Accident Ins. Co., et al., 22 So.2d 319.[1]

The legal evidence shows that claimant bought groceries, prepared and furnished meals to deceased, waited upon her and nursed her when in ill health from March 1, 1936, to November 30, 1938, and that a reasonable charge for such services was $30.00 per month, totaling the amount of the claim. Mrs. Abbott, the deceased, was partly stricken with paralysis in 1935, and thereafter had other troubles which rendered her unable to do much walking. She limped badly and was afflicted with cataracts on her eyes. Decedent agreed to pay the claimant, her niece, a reasonable sum for such service and attention, but moved away without paying for the same.

The evidence further shows that deceased owned her own home, where she was

---

[1] 246 Ala. 689.

living at the time she had the stroke of paralysis in 1935, and continued to live there until March 1, 1936, at which time she moved to a home which was operated by claimant, and continued to live with claimant until the last day of November, 1938, when deceased had somewhat improved in health, and returned to her own home.

The evidence shows that claimant had been looking after deceased at her home prior to the time of her removal to the home with claimant and claimant's mother. There was evidence that an understanding was had that claimant's mother would furnish a room to the deceased free of charge, and claimant was to buy the groceries, furnish the meals, and wait on deceased as requested for which the claimant was to be paid by the deceased. The evidence tends to show that $30.00 per month was a reasonable charge for such services. That deceased was asked several times for payment and replied she would make the same, "when she got ready to pay them," that her money was tied up and she was borrowing money during that time from a third party.

■ The evidence established the fact that the claim was duly presented under the provisions of Section 214, Tit. 61, Code 1940. It is insisted by the administrator ad litem that the claim was barred by the statute of limitations, and was not presented within the time required by law. However, the claim was filed in the probate office on May 15, 1941, the will was probated on February 19, 1941, and the personal representative appointed on December 20, 1940, and the insistence is not well taken.

■ The claim was based upon the quantum meruit and appellant was competent to testify what was a reasonable charge for her work in nursing and boarding the deceased.

■ "In action to recover value of board and lodging furnished defendant's intestate, who had been treated as a member of plaintiff's family, admitting testimony of witnesses as to value without showing as to competency to express opinion held proper, notwithstanding Code 1923, § 7656 (Code 1940, Tit. 7, § 367), since knowledge of such value does not depend on professional skill or experience as boarding house keeper." Moore v. Robinson, 214 Ala. 412, 108 So. 233. (Parenthesis supplied.)

Any such housekeeper is competent to testify as to what is a reasonable charge for such services in the vicinity in which the claim accrues.

Code 1940, Tit. 7, § 367, provides as follows: "Direct testimony as to the market value is in the nature of opinion evidence. One need not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity for forming a correct opinion."

The editor's notes to the last quoted section of the code are to the effect that: "Evidence of value is necessarily opinion evidence and is not conclusive on courts and juries, even when without conflict. Morris v. State, 25 Ala.App. 494, 149 So. 359; Obear-Nester Glass Co. v. Mobile Drug Co., 208 Ala. 618, 620, 95 So. 13, and authorities there cited. The weight or credit to be given the testimony is for the jury. Gossett v. Morrow, 187 Ala. 387, 392, 65 So. 826. See also Dean v. County Board of Education, 210 Ala. 256, 260, 97 So. 741. * * *

■ "There is no absolute or unrestricted right in jury to disregard evidence of witnesses declared competent. O'Neill v. Birmingham, 221 Ala. 580, 130 So. 87."

In Coleman v. Adkins, 232 Ala. 351, 168 So. 184, 186, it was held: "It is now well-settled in this state that an implied agreement may be inferred and support an action of this kind as between near relatives, where the facts and circumstances are such that a mutual intent to pay and to receive pay for such services is a reasonable and just conclusion." See also Duncan v. Johnson, 239 Ala. 183, 194 So. 528.

The text of 24 C.J. p. 277, § 878, 34 C.J.S. Executors and Administrators, § 370, is to the effect that, a claim for services rendered may be allowed against his estate, whether such services were rendered upon an express contract for a fixed payment, or merely as meritorious and needful without an express contract, but with the expectation of reasonable compensation therefor. Morrow v. Allison, 39 Ala. 70.

■ The presumption that services rendered to a person in family relations were intended to be gratuitous (Duncan v. Johnson, supra), is rebuttable, and recovery may be had where there is an express contract or promise of decedent to pay, *"or where the circumstances are such as to show clearly mutual intention that services should be paid for, and thus raise an im-*

*plied contract, or to impose upon decedent the duty to make compensation therefor."* Kinnebrew's Distributees v. Kinnebrew's Adm'rs., 35 Ala. 628; Coleman v. Adkins, 232 Ala. 351, 168 So. 184; 24 C.J. p. 285, § 882, 34 C.J.S. Executors and Administrators, § 371. [Italics supplied.]

█ A careful consideration of the record impresses us that claimant has discharged the burden of proof resting upon her, and that it was the intention of the parties that the personal services rendered and meals furnished should be paid for by the testator, and that the same was supported by proof of performance and value. 24 C.J. p. 286, § 884, 34 C.J.S. Executors and Administrators, § 370.

It follows that the decree of the circuit court is in error, and the cause is reversed for entry of a proper decree, with interest to the date of rendition of the final decree.

Reversed and remanded.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.