213 So.2d 847

**INDEPENDENT LIFE AND ACCIDENT INSURANCE COMPANY OF JACK-SONVILLE, FLORIDA**

v.

**Flossie AARON.**

**6 Div. 298.**

Supreme Court of Alabama.

Aug. 22, 1968.

Rehearing Denied Sept. 19, 1968.

686

Rogers, Howard, Redden & Mills, Birmingham, for appellee.

London, Yancey, Clark & Allen, Birmingham, for appellant.

KOHN, Justice.

This is an appeal from an action in the circuit court of Jefferson County, Alabama, wherein plaintiff, as beneficiary

under a policy of accidental death insurance, written by the defendant below (appellant here) brought suit for benefits claimed under the policy as a result of the accidental death of the insured, one Paul J. Aaron. The sum claimed was $2,200, and the basis of the claim was that the insured Aaron's death was the result of an accident of which the defendant had proper notice; and, that the sum sued for was due under the policy.

There was one count in the complaint, as follows:

"Plaintiff claims of the defendant the sum of Twenty-Two Hundred Dollars ($2,200.00) due under a policy of insurance on the life of Paul J. Aaron and in which the plaintiff is beneficiary. Plaintiff avers that Paul J. Aaron is deceased as the result of an accident of which the defendant has had notice and that said sum due under said policy remains due and unpaid, together with the interest thereon."

The defendant's plea in abatement, previously filed, was overruled by the court. The defendant then filed a demurrer which was overruled, and the pleadings were thereafter in short by consent. The case was submitted to the jury, and a verdict was rendered in behalf of plaintiff for $2,370.50, the amount sued for plus interest. Judgment was thereupon rendered.

The defendant filed a motion to set aside the verdict, which motion was overruled by the trial court. Defendant's motion for a new trial was also overruled. Thereupon, defendant properly filed its appeal to this court.

There are twenty-eight assignments of error on this appeal. Of the assignments of error argued here, assignments of error one through five relate to the refusal of the court below to give certain specified written charges requested. Assignments of error six and seven relate to the refusal of the court below to give the affirmative charge, as requested. Assignments of error twelve, thirteen and fourteen relate to the refusal of the court below to give certain written charges to the effect that proof of death resulting from trauma raises no presumption of death by accident. Assignment of error sixteen relates to a ruling of the court on defendant's objection to a question propounded to an expert witness. Assignment of error seventeen also relates to a ruling of the court to a question propounded to an expert witness. Assignments of error nineteen and twenty pertain to the action of the court below in overruling defendant's objection to certain testimony of the expert witness. Assignments of error twenty-one, twenty-two, twenty-three and twenty-four pertain to the action of the court below in overruling objections and motions of defendant with respect to the testimony of the expert witness. Assignment of error twenty-seven relates to the action of the trial court in overruling defendant's motion to set aside the judgment, and assignment of error twenty-eight relates to the action of the trial court in overruling the defendant's motion for a new trial. We will take up these assignments of error that were argued in the order related.

The issue really hinges upon whether or not one Andrew Vines, whose testimony was primarily relied upon by the plaintiff to prove her case was, in effect, an expert witness.

The witness, Andrew Vines, testified that he is the deputy coroner for Jefferson County, handling the matters, connected with the coroner's office, that arise in the Bessemer Division of the county. His job requires him to investigate and examine persons who have met their deaths under unusual circumstances. He stated that he averaged viewing thirty-five bodies per month, a large percentage of which, five to ten per month, had sustained cuts, wounds, bruises or injuries; that he had

occasion to examine these bodies and study them to determine the cause of death. He further stated that he had had some experience in the sheriff's office; that he had been to college for some two and a half years; that he felt that his study of zoology had helped him a lot in his work; also, his study of anatomy on his own; that he had had no formal training in the study of anatomy, and no formal training in the study of medicine, and was not a doctor.

The witness, Vines, testified that he investigated the death of Paul J. Aaron, whose manner of death was the issue in this case. That he made a photograph of Aaron's body at the funeral home, and that he had not seen the body before it was moved from the place where it was found. The witness then testified as to observing certain lacerations on the cheek, a long indentation above the laceration running downward, two cuts beneath the chin on one side of the dead man's neck, bruised spots about the ears, and a bruise under the right eye. The record discloses that after the witness', Vines', initial observation of the body, it was taken to the hospital after being unclothed at the funeral home. An autopsy was performed at the hospital. The witness, Vines, testified that he relied heavily on autopsies for making determinations of the cause of death, unless there existed a prior history of serious illness, or that the cause was just completely obvious; that he did not perform autopsies himself, but was present when the autopsies were made; that he did not direct or in any way control what went on at autopsies, other than to furnish case histories, and perhaps instruct the pathologist that there was a bullet in the body or that one could be suspected in certain investigations.

As regards the autopsy on the deceased Aaron, the witness, Vines, was present at the autopsy, but only gave the case history which was based on someone else's compilation. The autopsy report was not introduced in evidence. The witness, Vines,

admitted having no direct knowledge as to the condition of the body prior to the time he saw it. We do not think it is important to go into the details concerning the depths of the cuts, or a detailed discussion of the abrasions.

After listening to the testimony of the qualifications of the witness, Vines, the trial court, over the objection of the defendant, qualified Vines as an expert; and, over the objection of the defendant, allowed the witness, Vines, as an expert, to give his opinion as to the condition of the body when he observed it, and the cause of death.

The real basis for the assignments of error related primarily to the trial court permitting the witness, Vines, the deputy coroner, to testify as to the cuts and bruises on the body of the deceased, after it had been moved from the scene of death to the funeral home. And, further, in allowing the expert witness', Vines' opinion, as to the cause of death, which was based, to some extent, upon the autopsy report, and subsequent autopsy reports not in evidence. Further error is claimed by appellant in the refusal of the trial court to give certain written charges.

■ Whether a witness possesses the requisite qualifications to be an expert is a primary question largely within the discretion of the trial court. King v. State, 266 Ala. 232(5), 95 So.2d 816.

■ The courts of this state have long held that to qualify as an expert witness, it must appear that by study, practice, experience, or observation, as to a particular subject matter, the witness has acquired a knowledge beyond that of ordinary witnesses. Hicks v. State, 247 Ala. 439, 25 So.2d 139; Thomas v. State, 249 Ala. 358, 31 So.2d 71.

■ It is our view that a proper predicate was laid for the testimony of the witness, Vines, for, in our opinion, he qualified as an expert since he had ac-

quired knowledge beyond that of an ordinary person on the subject at issue. It is obvious that one expert may have more expertise than another. Specifically, a medical doctor, a neurosurgeon, or a pathologist, no doubt, would have greater knowledge on this subject than the witness, Vines, but the witness, Vines, was qualified. Maund v. State, 254 Ala. 452, 48 So.2d 553; Phillips v. State, 248 Ala. 510, 28 So.2d 542.

■ Since the witness, Vines, was qualified as an expert, no error resulted in permitting him to testify as to the extent of injuries, or to give his opinion as to the cause of death resulting therefrom. Johnson v. State, 272 Ala. 633, 133 So.2d 53.

### Assignment of Error No. 1.

This assignment charges error in that the trial court refused to give the following written charge:

"B. I charge you, gentlemen of the jury, that you are not entitled to give any weight to the testimony of any expert witness in this case which is based in whole or substantially in part, on facts not in evidence or within the witnesses' personal knowledge."

■ Since the witness qualified as an expert, it was proper for him to have an opinion as given. This charge was an attempt to have the court impair or limit the opinion of the expert witness, and to a certain extent disregard the opinion of the expert. Hyde v. Starnes, 247 Ala. 26, 22 So.2d 421. Furthermore, under the evidence in this case this charge would certainly not enlighten the jury, but would confuse the jury.

### Assignment of Error No. 2.

This assignment is based on the refusal of the trial court to give the following written charge:

"C. I charge you gentlemen of the jury that you should disregard the testimony of any expert witness which is based on facts not in evidence in this case and if you are reasonably satisfied from the evidence in this case that Deputy Coroner Vines based his opinion concerning the cause of death of Paul J. Aaron either wholly or substantially on the autopsy report, then you should disregard such testimony."

This charge is defective for the same reason as Charge B.

### Assignment of Error No. 3.

This assignment is based upon the refusal of the trial court to give the following requested written charge:

"D. I charge you gentlemen of the jury that you are not entitled to consider any testimony or reference to reports, documents or papers which has not been introduced into evidence or which the court has sustained objection to or excluded from your consideration."

We think Charge D is defective for the same reason as above stated that Charge B is defective.

### Assignment of Error No. 4.

This assignment is based upon the refusal of the trial court to grant the following requested written charge:

"E. I charge you gentlemen of the jury, that you should disregard any opinion testimony in this case which is not based solely or substantially in part on evidence before the court."

This charge is confusing and sought to limit the expert's testimony which had previously been allowed by the court. This charge was properly refused. Hyde v. Starnes, supra.

### Assignment of Error No. 5.

This assignment is based on the refusal of the trial court to give the following requested written charge:

"1–A. I charge you gentlemen of the jury, that you are not bound by the opinion of any expert witness in this case when such opinion is not based on facts of which such witness has personal knowledge or which has not been established by independent evidence."

We think the court properly instructed the jury in its oral charge relative to the weight of the testimony by the expert witness, Vines. Charge 1–A is not specific, and would confuse the jury for it does not set out the particular facts objected to and would in no way enlighten the jury. The refusal of this charge was proper. Hyde v. Starnes, supra.

■ Furthermore, charge B, set out in assignment of error one; charge C, set out in assignment of error two; charge D, set out in assignment of error three; charge E, set out in assignment of error four; and charge 1–A, set out in assignment of error five; in effect, would impair the credibility of the witness by court instructions, whereas it is province of the jury to pass upon the credibility of the witness, and it was the court's duty to pass upon the qualifications of the witness, which the court did. The basis of or reasons for an expert's opinion could be gone into by cross-examination. Since the jury has no absolute right or restrictive right to disregard the evidence of a witness declared competent by the court, all the above specifically quoted charges were properly refused. Hyde v. Starnes, supra; Shelby County v. Baker, 269 Ala. 111, 110 So.2d 896. And, further, the court's oral charge was comprehensive and clear.

*Assignments of Error Nos. 6 and 7.*

■ These assignments of error are based on the refusal of the trial court to give the affirmative charge. The case of Protective Life Ins. Co. v. Swink, 222 Ala. 496, 132 So. 728, cited by appellant, is not authority for the position contended by appellant, as we view this decision. We do not think there is any question that when the plaintiff rested, a prima facie case had been made out, and there was a question for the jury to determine the issue of whether the death was accidental. We do not think Protective Life Ins. Co. v. Swink, supra, is contrary to this holding.

Before the defendant could be entitled to a directed verdict, plaintiff must have failed to produce evidence to support her cause of action, or that the testimony of plaintiff's witnesses, without conflict, made out a defense for the defendant. Here, the plaintiff produced evidence from which the jury could have reasonably believed that the plaintiff suffered an accidental death. International Union, etc. v. Russell, 264 Ala. 456, 88 So.2d 175, 62 A.L.R.2d 669.

■ While it is true that there was no positive evidence as to the cause of death, that is, direct evidence, such as, somebody observing the death of deceased, circumstantial evidence is competent, provided it is the best evidence which the nature of the case admits. Bowline v. Cox, 248 Ala. 55, 26 So.2d 574.

Here, the evidence of the expert was such prima facie evidence which would suffice, or from which the jury could conclude what caused the death of the deceased. For it was not contradicted or overcome by other evidence. Tittle v. State, 252 Ala. 377, 41 So.2d 295.

■ The present case is governed by the rule of Continental Casualty Co. v. Meadows, 242 Ala. 476, 7 So.2d 29, which was approved in Aetna Life Insurance Company v. Beasley, 272 Ala. 153, 130 So.2d 178, and holds that "Plaintiff, after offering in evidence the policy of insurance, produced proof that the insured died as a result of external and violent means, and no more, and thus made out her prima facie case for recovery." In the case before us, after the plaintiff offered in evidence the policy of insurance, she produced testimony from which the jury could have inferred that the insured died as a result of

external and violent means. Thus, it was that the plaintiff made out a prima facie case. Continental Casualty Co. v. Meadows, supra; Aetna Life Insurance Company v. Beasley, 272 Ala. 153, 130 So.2d 178.

*Assignment of Error No. 12.*

■ We do not think the failure to give defendent's requested written charge, as follows, prejudiced the rights of the defendant.

"19. I charge you, gentlemen of the jury, that proof of death resulting from trauma, without more, raises no presumption that Paul J. Aaron died of an accident."

Under the holding in Aetna Life Insurance Company v. Beasley, supra, plaintiff made out a prima facie case, and the verdict in no way went off on a presumption as to the presence of trauma alone, for, upon the testimony of the expert witness as to cause of death, the jury had a right to decide from the evidence that the cause of death was a direct result of the trauma. The expert witness did not just testify as to the *presence* of trauma but that such *caused* the death.

*Assignment of Error No. 13.*

The trial court's refusal to give the following requested written charge is subject to the same criticism as charge 19, referred to in assignment of error twelve.

"20. I charge you, gentlemen of the jury, that proof of death resulting from trauma, without more, is not sufficient to establish that Paul J. Aaron met his death as the result of an accident covered under the terms of the policy sued on."

It is important to emphasize and reiterate that the expert witness did not limit his testimony as to trauma, but gave an opinion that the lacerations and cuts did *cause* the death. Simply to prove the *existence* of trauma alone may not have been sufficient to establish death, but there was before the jury the positive opinion testimony of the expert witness, Vines, that trauma *caused* the death. The weight of credibility of the witness was for the jury to pass upon, as the court pointed out in its oral charge. Shelby County v. Baker, 269 Ala. 111, 110 So.2d 896, supra.

*Assignment of Error No. 14.*

This assignment charges error in that the trial court refused to give the following requested written charge:

"21. I charge you, gentlemen of the jury, that proof of death resulting from trauma, without more, is not sufficient to establish that Paul J. Aaron met his death as a result of an accident under the terms of the policy in suit, and I further charge you that unless you are reasonably satisfied from the evidence in this case that Paul J. Aaron met his death as the result of an accident, as defined to you by the Court, then you cannot return your verdict in favor of the plaintiff and against the defendant."

■ This case was tried on the general issue and no plea of suicide was entered. There was evidence of the prior good health of deceased insured, immediately before his death. Such evidence with the opinion of the expert witness Vines, made out a prima facie case. Under the evidence, charge 21 was properly refused. Aetna Life Insurance Company v. Beasley, supra.

*Assignment of Error No. 16.*

Assignment of error sixteen is based upon the action of the trial court over defendant's objection to the following question:

"Q. And what is your opinion, Mr. Vines, as to whether or not these marks and cuts, and bruises were or were not the result of some trauma?"

■ As pointed out earlier in this opinion, the competency of an expert wit-

ness to testify lies within the sound discretion of the trial court. Ordinarily, the decision of the trial court will not be disturbed except for palpable abuse. Thompson v. Magic City Trucking Service, 275 Ala. 291, 154 So.2d 306; Russell v. Relax-A-Cizor Sales, Inc., 274 Ala. 244, 147 So.2d 279. Under these decisions, it was for the court to pass upon the qualifications of the witness, and the court did qualify the witness as an expert. Therefore, the question to the witness, Vines, above-quoted, was not objectionable. When he testified about the abrasions and cuts on the face and neck, such testimony was about matters within his experience. Central Aviation Co. v. Perkinson, 269 Ala. 197, 112 So.2d 326.

### Assignment of Error No. 17.

This assignment of error is based upon the action of the court in overruling defendant's objection to the following question:

"Q. And is it your opinion based upon those facts that Mr. Aaron's death resulted from those blows about his head?"

The witness, Vines, having been qualified as an expert, this was a proper question, for the same reasons given in our statements relative to assignment of error sixteen.

### Assignments of Error Nos. 19 and 20.

Relative to these assignments where it is contended the court erred in overruling defendant's objection to the opinion of the witness, Vines, as to the condition of the body of deceased when it was found, the witness, as we understand it from the record, did not testify as to viewing the body at the time of death, but testified as an expert as to contusions he found on the body when he did observe it. He then testified that, in his opinion, such contusions caused the death. We do not recall his testifying as to when the contusions occurred. The witness testified that it was his opinion that the death resulted from the blows about the head that he had observed—having reference to observing the wound, and not the time and place of the occurrence. For reasons previously noted, as an expert the witness could testify as to what he found on the body. Thus, assignments nineteen and twenty are without merit.

### Assignment of Error No. 21.

This assignment is based upon the action of the trial court in overruling defendant's objection to the following question:

"Q. I will ask you again, Mr. Vines, based upon your experience with the number of bodies that you have testified about and your studies and investigation into the cause and effect of wounds and blows upon the body, the investigation you conducted concerning Mr. Aaron's death, the condition of the body as you observed it, the internal condition of the body as you observed it upon autopsy, whether or not you have an opinion as to the cause of his death?"

We hold that this was a proper question to an expert for reasons previously noted.

### Assignments of Error Nos. 22, 23 and 24.

These assignments are based upon the action of the trial court in overruling motions of the appellant to exclude the testimony of the witness Vines, concerning the relationship of Mr. Aaron's death to trauma, to which rulings of the court the defendant then and there duly and legally excepted. As previously stated, after the witness had been qualified as an expert, he was correctly allowed to give an opinion. This assignment is without merit.

*Assignment of Error No. 27.*

This assignment of error is based upon the action of the trial court on defendant's motion to set aside the judgment after the jury returned its verdict.

*Assignment of Error No. 28.*

This assignment covers the court's overruling the defendant's motion for a new trial.

We find nothing in the record that would warrant the court setting aside the judgment, or in allowing a motion for a new trial. We hold the court's actions, as complained of in assignments twenty-seven and twenty-eight, were not erroneous for the reasons noted earlier in this opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.