[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 546 
This is a workmen's compensation case. The trial court awarded compensation and the employer appeals.
the testimony reveals that the claimant Upton was employed in maintenance by the defendant Albertville Nursing Home; that in the course of that employment Upton worked with various cleaning solutions; that he developed a severe skin condition on his hands and feet; and that the condition had rendered him unable to work.
The trial court found the claimant Upton to be entitled to temporary total disability benefits and awarded him accrued benefits of $4,027.62, weekly benefits for twenty-six weeks and medical expenses.
The appellant raises three issues in brief. The first is whether there is any evidence in the record supporting the trial court's conclusion that Upton's condition arose out of an "accident" suffered in the course of his employment. § 25-5-51, Code of Alabama (1975).
After much difficulty with the term "injury . . . caused by an accident arising out of and in the course of his employment," the courts of this state have come to the conclusion that if the job caused the injury it was "by accident" within the intent of the Workmen's Compensation Act.City of Tuscaloosa v. Howard, 55 Ala. App. 701, 318 So.2d 729
(1975).
The proper test to determine whether a claimant's job caused his injury is set out in the case of Newman Brothers, Inc. v.McDowell, 354 So.2d 1138 (Ala.Civ.App. 1977). That test is:
 If in the performance of his job he has to exert or strain himself or is exposed to conditions of risk or hazard and he would not have strained or exerted himself or been exposed to such conditions had he not been performing his job and the exertion or strain or the exposure to the conditions was, in fact, a contributing cause to his injury or death, the test whether the job caused the injury or death is satisfied. 354 So.2d at 1140.
The evidence supports a finding that Upton was in regular daily contact with caustic cleaning solutions on the job which he would not have been exposed to otherwise. There is evidence that his skin condition was caused by or contributed to by the substances he used on the job. Thus the test of legal and medical causation are satisfied. City of Tuscaloosa v. Howard,supra.
Appellant contends that the trial court erred in admitting the testimony of Dr. Haden, because he is not an expert in the field of dermatology. The qualification of an expert witness is a question largely within the discretion of the trial court.Independent Life and Accident Insurance Co. v. Aaron, 282 Ala. 685, 213 So.2d 847 (1968). While it is true that one expert may have more expertise on a specific issue than another, this presents a question of the weight to be given his testimony, not its admissibility. Clearly Dr. Haden had acquired knowledge beyond that of an ordinary person on the subject at issue and therefore qualified as an expert witness. Independent Life andAccident Insurance Co. v. Aaron, supra. He said he saw and treated patients with skin diseases every day. Where evidence, expert testimony or otherwise, is in conflict, the weight to be given that evidence is a question for the trial court. This court will not look to the weight of the evidence but only to see if there is legal evidence to support the findings of the trial court. Federal Mogul Corporation v. Taylor,345 So.2d 1366 (Ala.Civ.App. 1977). The trial court's finding that Upton's job caused his condition is supported by legal evidence. *Page 547 
Appellant's final issue is whether there is any evidence in the record to support the trial court's finding that Upton should recover temporary total disability benefits for twenty-six weeks after the date of judgment. Appellant argues that neither of the expert witnesses assigned twenty-six weeks as the duration of Upton's total disability; and therefore, there is no basis in the evidence for such a finding.
In a case involving temporary total disability where the claimant is totally disabled at the time of trial, it becomes the duty of the court to make some estimate from the evidence as to its probable duration and fix the compensation to be payable until such estimated time, not exceeding the maximum.Ford v. Crystal Laundry Co., 238 Ala. 187, 189 So. 730 (1939).
In making that determination, the trial court is not bound by expert medical testimony. The court must consider all of the evidence, including its own observation, and interpret it to its own best judgment. Ford v. Crystal Laundry Co., supra. When so considered, we cannot say that there is no basis for the trial court's finding.
The trial court's award is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.