ALMON, Justice.
This is a medical malpractice case. Donald Darling brought this action as administrator of the estate of Charles D. Darling, deceased, against Dr. W.M. Reid, Shoals Hospital, and Humana Medical Corporation, alleging that the defendants negligently failed to provide health care services and negligently failed to diagnose, treat, or otherwise care for Charles during his hospitalization at Shoals Hospital. The trial court directed a verdict and entered judgment in favor of Dr. Reid and Shoals. The court later certified the judgment as final pursuant to Rule 54(b), A.R.Civ.P. Donald appeals from this judgment.
On February 8, 1981, Charles was admitted to the emergency room at Shoals Hospital. He was suffering from slurred speech, aphasia, and right-sided facial weakness; he could not move his right arm or right leg, and there was no grip in his right hand. He was given an injection of Apresoline by Dr. Michaelson, who was the physician on call. Dr. Michaelson consulted with Dr. Reid, Charles’s private physician, and Charles was admitted to Shoals Hospital. Charles’s condition worsened and he was eventually transferred to Shoals’s intensive care unit. Charles’s condition continued to worsen, and on February 13, 1981, he died.
Donald filed suit as administrator of Charles’s estate, claiming that Shoals, Hu-mana, and Dr. Reid negligently failed to provide health care services and negligently failed to diagnose, treat, or otherwise care for Charles while he was in Shoals Hospital. At trial, Donald offered Dr. Stephen Van Camerik as a medical expert witness. The trial court disqualified Dr. Van Camerik as an expert and refused to allow him to testify. At the close of Donald’s evidence, the trial court directed a verdict in favor of Dr. Reid. At the close of all of the evidence, the trial court directed a verdict in favor of Shoals. Donald appeals, claiming that the trial court erred in disqualifying Dr. Van Camerik as an expert witness and in directing verdicts in favor of Dr. Reid and Shoals.
To establish liability under the Alabama Medical Liability Act, the plaintiff must ordinarily offer expert medical testimony as to what is or what is not the proper practice, treatment, and procedure. Rosemont, Inc. v. Marshall, 481 So.2d 1126 (Ala.1985). Donald proposed to use Dr. Van Camerik for this purpose.
This Court in Ensor v. Wilson, 519 So.2d 1244, 1269 (Ala.1987), quoted the following from Independent Life & Acc. Ins. Co. v. Aaron, 282 Ala. 685, 213 So.2d 847 (1968):
“Whether a witness possesses the requisite qualifications to be an expert is a primary question largely within the discretion of the trial court. King v. State, 266 Ala. 232(5), 95 So.2d 816 [1957].
“The courts of this state have long held that to qualify as an expert witness, it must appear that by study, practice, experience, or observation, as to a particular subject matter, the witness has acquired a knowledge beyond that of ordinary witnesses. Hicks v. State, 247 Ala. 439, 25 So.2d 139 [1946]; Thomas v. State, 249 Ala. 358, 31 So.2d 71 [1947].”
*257 When giving its reasons for disqualifying Dr. Van Camerik, the trial court said:
“I’d just like to say that I sat here yesterday and listened to the questions and answers propounded to Mr. Van Camer-ik, and I’m concerned with the fact he’s never practiced medicine; he’s not board certified and not board eligible in internal medicine and does not have the experience of a practicing physician, is not a member of any medical association, has never been on the staff of any hospital, and was disqualified to testify in a case in Calhoun County in 1983.... The Court finds that this witness does not qualify as an expert in this case to testify on the issues before this Court. He is without the minimal credentials as far as this Court is concerned. This witness is not qualified to testify as a medical expert in any case before this Court, and I will not allow him to testify as an expert.”
On direct examination, Dr. Van Camerik testified as to his qualifications to testify as an expert. His qualifications include a bachelor’s degree from the Harvard University School of Public Health, a master’s degree from the University of California at Berkeley, and a Doctor of Medicine degree from the University of Alabama in Birmingham. In addition to his educational background, Dr. Van Camerik testified that he was an officer in the United States Public Health Service, which functions as a health care provider providing health care to the merchant marine and the Coast Guard through a network of regional hospitals. Dr. Van Camerik testified that he had been an assistant professor of medicine in the Department of Comprehensive Medicine at the University of South Florida for more than two years. Dr. Van Camerik testified that while at the University of South Florida he taught medical students, nursing students, residents, interns, and post-graduate physicians in various basic medical sciences and other subjects related to the health field. Dr. Van Camerik testified that after he left the University of South Florida he served as an assistant professor of preventive medicine at the University of South Carolina School of Medicine, where, he said, he had responsibilities similar to those he previously had had at South Florida. Dr. Van Camerik testified that he is presently employed by Florida Medico Legal Malpractice Consultants, Inc., a corporation that he wholly owns, as a medical-legal consultant and forensic expert.
The facts that Dr. Van Camerik has never practiced medicine and that he is not board certified go to the weight of any testimony that he may give, but do not, standing alone, present sufficient reason to disqualify him from testifying. It appears from the record that Dr. Van Camerik has, “by study, practice, experience, or observation, as to a particular subject matter ..., acquired a knowledge beyond that of ordinary witnesses.” Ensor, supra. The trial court abused its discretion by disqualifying Dr. Van Camerik as an expert medical witness.
Donald also contends that the trial court erred in directing a verdict in favor of Dr. Reid and Shoals. Because we reverse the judgment of the trial court due to the exclusion of Dr. Van'Camerik’s testimony, we need not address this issue.
The judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.